**David Lyle FRYER, Appellant,**

v.

**David SCURR, Warden at the Iowa State Penitentiary, Fort Madison, Iowa, and State of Iowa, County of Lyon, Appellees.**

No. 65969.

Supreme Court of Iowa.

Aug. 26, 1981.

Christopher A. Bjornstad of Cornwall, Avery, Bjornstad & Scott, Spencer, for appellant.

Thomas J. Miller, Atty. Gen., Gary L. Hayward, Asst. Atty. Gen., and Thomas Albers, Lyon County Atty., for appellees.

Considered by REYNOLDSON, C. J., and UHLENHOPP, McGIVERIN, LARSON, and SCHULTZ, JJ.

UHLENHOPP, Justice.

This appeal involves the validity of a guilty plea to a murder charge.

David Lyle Fryer, having been informed that the penalty for first-degree murder is life imprisonment, pled guilty in 1974 to a charge of murder. In the course of the proceedings the sentencing court made sure that Fryer understood the penalty for first-degree murder. The court asked the following question and Fryer gave the following answer:

> The Court: And what is the penalty for murder in the first degree?
>
> Mr. Fryer: Life.

The sentencing court gave Fryer the information required by *State v. Sisco*, 169

N.W.2d 542 (Iowa 1969). The court then accepted the plea, held a degree-of-guilt hearing, found Fryer guilty of first-degree murder, and sentenced him to life imprisonment. This court affirmed on direct appeal. *State v. Fryer*, 226 N.W.2d 36 (Iowa 1975). We set forth the facts of the case in that decision. Fryer has been incarcerated in the Iowa State Penitentiary since that time.

In 1980 Fryer sought postconviction relief, which the trial court denied after a hearing. Fryer appealed, and in this court he presents only one issue for review. He argues the 1974 sentencing court erred by failing to tell him that a conviction of first-degree murder precludes parole from the life sentence. We will assume arguendo that Fryer was not aware of the ineligibility for parole.

The question of whether a court must advise of ineligibility for parole is a case of first impression with us, although we have faced related issues. *See, e. g., State v. Boone*, 298 N.W.2d 335 (Iowa 1980) (eligibility for deferred judgment or suspended sentence); *State v. Fluhr*, 287 N.W.2d 857 (Iowa 1980); *Manley v. State*, 278 N.W.2d 1 (Iowa 1979) (failure to inform of lesser included offenses); *Adams v. State*, 269 N.W.2d 442 (Iowa 1978); *State v. Reaves*, 254 N.W.2d 488 (Iowa 1977); *Brainard v. State*, 222 N.W.2d 711 (Iowa 1974); *State v. Reppert*, 215 N.W.2d 302 (Iowa 1974); *State v. Sargent*, 210 N.W.2d 656 (Iowa 1973); *State v. Bell*, 210 N.W.2d 423 (Iowa 1973); *State v. Sisco*, 169 N.W.2d 542 (Iowa 1969); *State v. Rife*, 260 Iowa 598, 149 N.W.2d 846 (1967).

I. Fryer cites opinions from six federal courts of appeals which have required federal trial judges to inform defendants in guilty-plea proceedings of ineligibility for parole: *Bye v. United States*, 435 F.2d 177, 179 (2nd Cir. 1970); *Harris v. United States*, 426 F.2d 99, 101 (6th Cir. 1970); *Jenkins v. United States*, 420 F.2d 433, 437 (10th Cir. 1970); *Berry v. United States*, 412 F.2d 189, 192–93 (3rd Cir. 1969); *Munich v. United States*, 337 F.2d 356, 361 (9th Cir. 1964), *overruled on other grounds,*

*Heiden v. United States,* 353 F.2d 53 (9th Cir. 1965). *See also Bailey v. MacDougall,* 392 F.2d 155, 161 (4th Cir.), *cert. denied,* 393 U.S. 847, 89 S.Ct. 133, 21 L.Ed.2d 118 (1968).

Two circuits have held to the contrary: *Trujillo v. United States,* 377 F.2d 266 (5th Cir.), *cert. denied,* 389 U.S. 899, 88 S.Ct. 224, 19 L.Ed.2d 221 (1967); *Smith v. United States,* 324 F.2d 436, 441 (D.C.Cir.1963), *cert. denied,* 376 U.S. 957, 84 S.Ct. 978, 11 L.Ed.2d 975 (1964). *Cf. United States ex rel. Brooks v. McMann,* 408 F.2d 823, 825 n.1 (2nd Cir. 1969) (question open in this circuit).

The federal cases cited by Fryer involved federal statutes specifically denying eligibility for parole under sentences for terms of years on account of certain narcotic violations. 21 U.S.C. §§ 173, 174 (1964); 26 U.S.C. § 7237(d) (1964). At that time rule 11 of the Federal Rules of Criminal Procedure expressly required that defendants be made aware of the "consequences" of their pleas. In 1975 that rule was amended by substituting language requiring that defendants be told of the possible maximum and minimum penalties. In 1977 Iowa adopted amended rule 11 in substance in rule 8 of the Iowa Rules of Criminal Procedure. Our rule 8 was part of the new Iowa Criminal Code, and we note that the criminal code "was primarily a restatement of prior law." *State v. Dohrn,* 300 N.W.2d 162, 163 (Iowa 1981).

Since rule 11 was amended, the federal courts have taken a different approach. The Eighth Circuit has ruled as follows:

> Here, as in *McRae* [*infra*], an examination of the record discloses substantial, if not literal, compliance with Rule 11 and discloses no prejudice resulting from the court's failure to personally advise defendant of the special parole term provision of the statute and its effect upon the defendant.

*United States v. Ortiz,* 545 F.2d 1122, 1123 (8th Cir. 1976) (per curiam); *see McRae v. United States,* 540 F.2d 943, 947 (8th Cir. 1976), *cert. denied,* 429 U.S. 1045, 97 S.Ct. 750, 50 L.Ed.2d 759 (1977).

■ The Sixth Circuit has taken a similar stand in a habeas corpus proceeding involving a Michigan conviction. *Armstrong v. Egeler,* 563 F.2d 796, 800 (6th Cir. 1977), *upholding People v. Armstrong,* 390 Mich. 693, 213 N.W.2d 190 (1973). That circuit affirmed a federal district court decision which did not require that the defendant be told by the state judge of parole ineligibility. The Sixth Circuit stated:

> Recognizing that the voluntariness and intelligence of a plea of guilty depends upon an understanding of its consequences, *e. g., Kercheval v. United States,* 274 U.S. 220, 223, 47 S.Ct. 582 [583], 71 L.Ed. 1009 (1927), we nevertheless are unwilling to hold, as a constitutional requirement applicable in habeas corpus cases to state prosecutions, that a guilty plea requires any precise litany for its accomplishment. Here, as Judge Feikens [the federal district judge] found, the state trial judge in the clearest terms advised the defendant that he was subject to the maximum penalty of solitary confinement at hard labor in a state prison for life. He stressed that "there is no discretion in this court" and that "the sentence that this Court *must* impose will be life imprisonment." (emphasis added).

Judge Feikens' opinion noted:

> "Was it reasonable for petitioner to assume that 'solitary confinement at hard labor in State Prison for life' included the possibility of parole? No evidence was presented to this court that would establish any reasonable basis for such an assumption. An individual who is advised that he would be placed for solitary confinement at hard labor for life can only conclude that this would be for the duration of his life. Petitioner was emphatically told this by Judge Newblatt, that is, that he would be confined to prison for life.

> "The requirement that a plea be intelligently and voluntarily made does not impose upon the trial judge a duty to discover and dispel any unexpressed misapprehensions that may be harbored by a defendant. This is especially true as to mistaken assumptions for which there is no reasonable basis."

In weighing the disputed evidence, the district court was not clearly erroneous in finding that any expectation of parole eligibility harbored by the defendant was unreasonable under the circumstances. The district court was not bound to accept Armstrong's testimony years later in the face of the colloquy which took place at the time of the plea.

We agree with the district judge here that the defendant at the time he entered his plea was sufficiently informed of the consequences to enable him to make an intelligent judgment concerning whether he should plead guilty.

563 F.2d at 799–800. *Cf. Timmreck v. United States*, 577 F.2d 372, 374 (6th Cir. 1978), *rev'd*, 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979) (Sixth Circuit held failure of district court to explain to the defendant in guilty-plea proceedings that statute required special five-year parole term tacked to end of prison term for ten years was reversible error—United States Supreme Court reversed and upheld district court decision).

We find the *Armstrong* analysis to be persuasive. The facts of that case are analogous to the present ones.

■ II. The controlling Iowa decision at the time Fryer entered his guilty plea was *State v. Sisco*, 169 N.W.2d 542 (Iowa 1969). In that case this court quoted from and adopted the American Bar Association Standards on guilty pleas. *Id.* at 547–48. Those standards require, *inter alia*, that an accused entering a plea of guilty understand the nature of the charge, the waiver of jury trial he makes by the plea, and the maximum and mandatory minimum sentences including enhanced punishment. *A.B.A. Standards Relating to Pleas of Guilty* § 1.4(c) (Approved Draft, 1968). Nowhere do those standards require that the court inform the defendant of ineligibility for parole. The language of those standards is the model for both current federal rule 11 and, more significantly to our analysis, Iowa rule 8. This court stated regarding those standards: "This does not mean a determination by trial courts of the matters here involved requires any ritualistic or rigid formula be fixed upon or followed. There must, however, be meaningful compliance with these guideline standards." *Sisco*, 169 N.W.2d at 548. *See State v. Sargent*, 210 N.W.2d 656, 659 (Iowa 1973); *State v. Bell*, 210 N.W.2d 423, 426 (Iowa 1973). We hold that *Sisco* and the cases applying it which were in existence at the time of Fryer's guilty plea did not require a sentencing court to inform a defendant of ineligibility for parole.

We need not decide whether present Iowa rule 8 and the *Sisco*-type cases decided by us since 1974 are retrospective, for they do not require a different result. Rule 8 has language similar to federal rule 11 and to the American Bar Standards we considered in *Sisco*, which do not require a statement of parole ineligibility. *See also Brainard v. State*, 222 N.W.2d 711, 715 (Iowa 1974) (decided subsequent to this guilty plea: "The trial judge through interrogation must establish that the defendant is aware of the possible maximum punishment, any mandatory minimum punishment, and any enhanced punishment for the offense charged, and he must insure the defendant understands he waives his constitutional trial rights by a guilty plea."). "Enhanced punishment" refers, for example, to increased penalty for the offense charged, such as an added period of incarceration because the offense is charged as a second or subsequent one. *Compare State v. Boone*, 298 N.W.2d 335, 338 (Iowa 1980) ("It would not have been necessary for the court to inform the defendant that he was ineligible for a deferred judgment or suspended sentence."); *State v. Woolsey*, 240 N.W.2d 651, 653 (Iowa 1976); *and State v. Christensen*, 201 N.W.2d 457, 459 (Iowa 1972), *with A.B.A. Standards Relating to Pleas of Guilty* § 1.4(c)(iii), *Commentary* at 28 ("It seems clear that a defendant should be told of the possible added punishment under multiple offender statutes.") (Approved Draft, 1968); 21 Am.Jur.2d *Criminal Law* § 490 (1965); *and Annot.*, 97 A.L.R.2d 549, 581 (1964).

A court receiving a plea of guilty to a murder charge is not required to tell the defendant that he is ineligible for parole upon conviction of first-degree murder.

AFFIRMED.