**STATE of Iowa, Appellee,**

v.

**Terry Vantreece WILSON, Appellant.**

**No. 66589.**

Supreme Court of Iowa.

Jan. 20, 1982.

Paul T. Shinkle of Gottschalk, Shinkle & Long, Cedar Falls, for appellant.

Thomas J. Miller, Atty. Gen., and Mary Jane Blink, Asst. Atty. Gen., and James D. Coil, Asst. Black Hawk County Atty., for appellee.

Considered by LeGRAND, P. J., and McCORMICK, ALLBEE, McGIVERIN and LARSON, JJ.

McCORMICK, Justice.

Defendant Terry Vantreece Wilson seeks reversal of his sentence for first-degree robbery because of the State's failure to plead and prove he is ineligible for parole until completion of one-half of his twenty-five year sentence. The trial court refused to provide a hearing on the applicability of the parole limitation in section 906.5, The Code. Defendant contends he is entitled to a new sentence without the parole limitation. We affirm the trial court.

First-degree robbery is a class "B" felony. § 711.2. A convicted person is subject to a maximum sentence of confinement for "no more than twenty-five years." § 902.9(1). Defendant pled guilty to a charge of first-degree robbery based on the alleged robbery of a jewelry store while armed with a pistol. Because he used a firearm in the offense, he admits he was subject to the five-year minimum sentence provided in section 902.7. He also acknowledges he was subject to the twenty-five year maximum sentence provided in section 902.9(1). This is the sentence he received. He was ordered "to be confined for a term not to exceed 25 years, but in no event to serve less than five years."

Defendant sought unsuccessfully to obtain a hearing on the applicability of section 906.5 to his sentence. That statute provides in relevant part:

If the person who is under consideration for parole is serving a sentence for conviction of a felony and has a criminal record of one or more convictions for a forcible felony or a crime of a similar gravity in this or any other state, parole shall be denied unless the defendant has served at least one-half of the maximum term of his or her sentence.

In a postconviction action in which an earlier guilty plea to the same charge was set aside, the postconviction court expressed an opinion that section 906.5 would be applicable to defendant because of a past out-of-state felony conviction. Defendant contends that the statute is inapplicable because of the State's failure to plead or prove its applicability to him in the subsequent guilty plea proceeding. If a hearing were held, he alleges the State could not establish a prior felony conviction of the requisite kind. He alleges the failure to give him a hearing on the issue denied him due process of law under U.S.Const. amend XIV. He urges other constitutional infringements upon which he did not preserve error.

I. *The State's duty to plead and prove the prior conviction.* In *Boge v. State*, 309 N.W.2d 428, 430–31 (Iowa 1981), this court described the restriction in section 906.5 as a limitation on the power of the parole board to grant a parole rather than a minimum sentence. The effect, however, is the same. For example, the minimum five-year sentence under section 902.7 to which defendant was also subject because of his use of a firearm is also a limitation of the parole board's power. Certainly it would be difficult to point out any difference to the person who must serve the additional time.

Under our indeterminate sentence law, the sentencing court designates the maximum term established by statute. Unless the legislature has prescribed a minimum term which must be served, the duration of the sentence is determined by the parole board. *State v. Dohrn*, 300 N.W.2d 162, 163 (Iowa 1981). When a minimum sentence is prescribed, however, the legislature ordinarily requires a judicial determination of its applicability. Thus the court must adjudicate the applicability of section 902.7 relating to use of firearms and section 902.8 relating to habitual offender status. *See State v. Young*, 293 N.W.2d 5, 6–7 (Iowa 1980) (section 902.7); *State v. Smith*,

282 N.W.2d 138, 142–43 (Iowa 1979) (section 902.8); Iowa R.Crim.P. 18(11) (procedure for determining habitual criminal status for section 902.8 purposes). For this reason we have provided Iowa R.Crim.P. 6(6), requiring pleading and proof of use of a firearm to invoke the minimum sentence of section 902.7, and rule 6(5), requiring pleading and proof of prior convictions to invoke the minimum sentence of section 902.8 for habitual criminal status.

Section 906.5 does not require a judicial determination of the predicate for the limitation on parole. The distinction between this section and sections 902.7 and 902.8 has been explained:

> In §§ 902.7 and 902.8, the other sections directing the imposition of minimum sentences, it is clear that the facts upon which the minimum sentence is grounded must be established at the trial so that the required minimum term can be included along with the required maximum term when sentence is pronounced. Implicit in that procedure is the right of the defendant to a hearing at which the State will be required to establish the aggravated circumstances beyond a reasonable doubt. No such procedure is indicated in § 906.5. The board is directed to act on the strength of a record of conviction, which is apparently presumed to be accurate. In all probability, the board, in these cases, will inform the prisoner of the record which it has before it, and give him an opportunity to dispute the record, but this section does not require it to do so. Many complications could have been avoided by incorporating this provision into 902.8, rather than placing it here.

4 J. Yeager and R. Carlson, *Iowa Practice: Criminal Law and Procedure* § 1700 (1979).

◼ We conclude that the trial court was correct in holding that the applicability of section 906.5 is a parole board determination rather than a judicial determination. Because a judicial determination is not required, it is unnecessary for the State to plead and prove a prior conviction upon which it relies for bringing into play the limitation on parole in section 906.5.

Therefore the trial court did not err in refusing to require the State to plead and prove the applicability of section 906.5 in the present case. Moreover, any purported adjudication of that issue in the earlier postconviction action is invalid.

◼ II. *The constitutionality of the denial of a judicial hearing.* The record does not show that the parole board has ruled on the applicability of section 906.5 to defendant. Therefore defendant has not been adversely affected by the statute and lacks standing to challenge its constitutionality. *See Iowa Civil Liberties Union v. Critelli*, 244 N.W.2d 564, 567 (Iowa 1976). We find no violation of due process in the fact that the legislature has assigned the decision to the parole board instead of the sentencing court.

We note that the parole board has adopted rules implementing its responsibility under section 906.5. One rule provides:

> Any inmate who may be denied parole because of facts indicating that a statutory minimum sentence must be served shall be so advised promptly, but not later than the inmate's first annual review date.

615 I.A.C. § 4.9. Another rule provides a right to petition for review:

> If an inmate desires to challenge the board's finding that a statutory minimum sentence precludes parole, the inmate may petition the board liaison officer for review of such findings. The board liaison officer shall investigate the facts and submit a written report to the board at its next regular meeting.

615 I.A.C. § 4.10. Moreover, we have held that parole board decisions are subject to judicial review under the Iowa Administrative Procedure Act. *Frazee v. Iowa Board of Parole*, 248 N.W.2d 80 (Iowa 1976). *Cf.* § 906.3 ("The grant or denial of parole shall not be deemed a contested case as defined in section 17A.2").

Even though we do not find defendant has been denied due process in the present state of the record, we believe the commentators' criticism of section 906.5 is well

founded. No adequate reason appears for postponing the determination of the applicability of the statute until after the defendant is sentenced or for assigning the task to the parole board instead of to the court. It seems reasonable that the defendant should be apprised of applicability of the enhanced penalty before sentencing. The present procedure introduces unnecessary uncertainty and complexity into the sentencing process. It would be better if the determination under section 906.5 were made in the same manner and at the same time as the determinations under sections 902.7 and 902.8. The present problem and others could be avoided if the provision were incorporated into section 902.8.

AFFIRMED.