Marvin Allen MEAD, John D. Koop, James Preston Starling, Orrington Spencer Gardner, David B. Gray, Benji L. Temple, Will S. Davis, Dennis Hodges, Gene Jacobs, Appellants,

v.

IOWA STATE BOARD OF PAROLE; David Scurr, Warden of Iowa State Penitentiary; Calvin Auger, Warden of Men's Reformatory; State of Iowa, Appellees.

No. 68710.

Supreme Court of Iowa.

March 16, 1983.

Francis C. Hoyt, Jr., Appellate Defender, and Patrick R. Grady and Christian T. Odell, Asst. Appellate Defenders, for appellants.

Thomas J. Miller, Atty. Gen., Thomas D. McGrane, Asst. Atty. Gen., and Dan L. Johnston, Polk County Atty., for appellees.

Considered by LeGRAND, P.J.*, and HARRIS, McCORMICK, McGIVERIN, and CARTER, JJ.

HARRIS, Justice.

An Iowa statute provides that a person serving a prison sentence for a felony conviction, who has a record of a prior conviction for a forcible felony or crime of similar gravity, may not be paroled until half the maximum sentence has been served. The question here is whether the statute can withstand due process and equal protection challenges under both our own and the federal constitutions. We hold that it can.

The petitioners are inmates of Iowa's correctional institutions who have been denied consideration for parole because of the challenged statute. It provides in material part:

If the person who is under consideration for parole is serving a sentence for conviction of a felony and has a criminal record of one or more prior convictions for a forcible felony or a crime of similar gravity in this or any other state, parole shall be denied unless the defendant has served at least one-half of the maximum term of his or her sentence.

Iowa Code § 906.5 (1981). The statute is implemented by parole board rules (Iowa Admin.Code 615–4.8, .9, and .10) which require notice to the inmate of parole denial and provide a means of review. The challenge here is "facial;" it is stipulated the procedural requirements of the rule were satisfied and that each petitioner was shown to have a record of a prior forcible felony.

 This is a declaratory judgment action under Iowa R.Civ.P. 267 which we review as any other judgment. When the case was tried in equity our review is de novo. See, e.g., Village Supply Co., Inc. v. Iowa Fund, Inc., 312 N.W.2d 551, 555 (Iowa 1981). When the case was tried at law our

review is on error. See, e.g., Spilman v. Board of Directors of Davis County, 253 N.W.2d 593, 595 (Iowa 1977). Trial of this case in district court was conducted at law so our review is on error.

I. Due Process. The petitioners argue that the restriction on parole in section 906.5 denies them due process because it fails to provide a full evidentiary hearing prior to its application. Such a hearing is needed, they say, to determine (1) whether the parole applicant is the same person who was previously convicted of a felony; (2) whether the prior offense was a forcible felony; and (3) whether the prior conviction was constitutionally valid. They argue that due process is lacking under the statute because their parole may be restricted without these elements being proven beyond a reasonable doubt.

The State, on the other hand, contends the section does not impose an enhanced penalty for recidivism. It sees the statute as a simple restriction of the parole board's power. The State reasons it is therefore not necessary for the facts which enter into a parole decision to be proven beyond a reasonable doubt.

The parties focus on two of our recent decisions. In Boge v. State, 309 N.W.2d 428, 431 (Iowa 1981), we described section 906.5 as "a limitation on the power of the parole board to grant ... a parole," and rejected a contention that its effect was to impose a minimum sentence. Hence we held the trial court "was not required to inform Boge of the parole restrictions applicable to him." Id. More recently, we said the effect of calling section 906.5 a parole limitation or a minimum sentence is the same. State v. Wilson, 314 N.W.2d 408, 409 (Iowa 1982) ("Certainly it would be difficult to point out any difference to the person who must serve the additional time.") In Wilson we held that due process was not offended when the legislature assigned the decision concerning the applicability of section 906.5 to the parole board rather than to the district court. Id. at 410. The trial court in this case was persuaded that Wil-

* Senior Judge.

*son* was dispositive of petitioner's claims and rejected the constitutional challenge.

On appeal the petitioners challenge the trial court's interpretation of *Wilson.* They believe the constitutional question was not reached in the *Wilson* decision. *Wilson* was again discussed in *Grout v. State,* 320 N.W.2d 619, 621 (Iowa 1982) (dissenting opinion). The *Grout* dissenters believed the defendant should be informed of a mandatory minimum sentence before a guilty plea is accepted.

■ It is clear that a judicial hearing is not necessarily required to determine how much of a sentence will be served. *See Greenholtz v. Nebraska Penal Inmates,* 442 U.S. 1, 13–14, 99 S.Ct. 2100, 2106–07, 60 L.Ed.2d 668, 679–80 (1979). It is also clear that these petitioners were not without procedural safeguards. The board rules, previously referred to, provide that notice of the applicability of section 906.5 be given "promptly," and no later than when the inmate is first considered for parole. A finding that the statute is applicable can be challenged to a liaison officer whose conclusion is then reviewed by the parole board. Finally, the board's finding can be appealed to district court under chapter 17A. *See Wilson,* 314 N.W.2d at 410.

■ Two commentators had this to say:

In §§ 902.7 and 902.8, the other sections directing the imposition of minimum sentences, it is clear that the facts upon which the minimum sentence is grounded must be established at the trial so that the required minimum term can be included along with the required maximum term when sentence is pronounced. Implicit in that procedure is the right of the defendant to a hearing at which the state will be required to establish the aggravating circumstances beyond a reasonable doubt. No such procedure is indicated in § 906.5. The board is directed to act on the strength of a record of conviction, which is apparently presumed to be accurate. In all probability, the board, in these cases, will inform the prisoner of the record which it has before it, and give him an opportunity to dispute the record, but this section does not require it to do so. Many complications could have been avoided by incorporating this provision into 902.8, rather than placing it here.

4 J. Yeager & R. Carlson, *Iowa Practice: Criminal Law and Procedure,* § 1700, at 368–69 (1979). In *Wilson* we agreed with this statement and quoted it in full. 314 N.W.2d at 410. We note again, as we did in *Wilson,* 314 N.W.2d at 411, that the better practice would be to apprise a criminal defendant of the applicability of section 906.5 before sentencing. Nevertheless, a judicial determination is not required as a matter of due process. *Id.* at 410. The existing administrative procedures suffice.

II. *Equal Protection.* In this assignment petitioners again assume that § 906.5 imposes an enhanced penalty for recidivism. They argue that the section is the *only* recidivist statute which does not provide for (1) notice of its proposed application, or (2) a judicial hearing on the validity of the prior conviction. They believe the provision creates a special class of recidivists (those with prior convictions for forcible felony), and that there is no rational basis for such different treatment.

Believing that section 906.5 creates in effect a mandatory minimum sentence, petitioners cite other recidivist statutes that provide for a judicial hearing on the identity and validity of the prior conviction. *See, e.g.,* § 902.7 (use of firearm); § 902.8 (habitual offender).

The State argues there is an "obvious and clear difference" between persons subject to section 906.5 (the only statute which looks to a prior forcible felony) and those subject to other recidivist statutes. Section 906.5 is the only statute that (1) does not depend on circumstances of the crime for its application or (2) does not increase the maximum penalty. Therefore, the State's argument continues, petitioners are not "similarly situated" to those subject to other recidivist statutes. The State argues the legislature could rationally believe that judicial economy would be aided by having the parole board apply section 906.5.

■ The test for equal protection challenges is well settled and need not be again recited. *See Redmond v. Carter,* 247

N.W.2d 268, 271 (Iowa 1976). All recidivist statutes must require proof of prior crimes. *See State v. Hanna,* 277 N.W.2d 605, 608 (Iowa 1979).

 In rejecting petitioners' due process challenge we agreed with the State's characterization of the statute and rejected petitioners'. We see the provision as a parole board limitation, not as a minimum sentence. Viewed as a parole limitation we think the legislature could rationally conclude that judicial economy is promoted by the statute. We reject the equal protection challenge.

III. Our conclusion is supported by federal court decisions which have explained release guidelines promulgated by the federal parole commission. That commission has promulgated guidelines in an effort to carry out its duties (*see* 28 C.F.R. § 2.20 (1982)). They were described and discussed in detail in *Priore v. Nelson,* 626 F.2d 211, 213–16 (2nd Cir.1980), and in *Edwards v. United States,* 574 F.2d 937, 941–44 (8th Cir.) *cert. dismissed,* 439 U.S. 1040, 99 S.Ct. 643, 58 L.Ed.2d 700 (1978). One of the guidelines, section 2.19(2) provides that the commission consider any prior criminal record, including a report or record of earlier probation and parole experiences. Such consideration has been approved. *See, e.g., Arias v. United States Parole Commission,* 648 F.2d 196, 200 (3rd Cir.1981) (citing authorities); *Petrone v. Kaslow,* 603 F.2d 779, 780 (9th Cir.1979). Although the federal guidelines do not require those convicted of a prior forcible felony to spend one-half of their sentence in jail before parole eligibility is granted, approval of the federal guidelines is a strong indication of the constitutionality of section 906.5. The prior criminal record must be established, not before a court, but before the parole commission in both systems. When established it bears directly on the length of incarceration.

We conclude that the trial court was right in rejecting the constitutional challenges.

AFFIRMED.

All Justices concur, except McCORMICK, J., who concurs specially.

McCORMICK, Justice, concurring specially.

When an indeterminate sentence is imposed, the actual period of incarceration is determined by the board of parole. Section 906.5 of the Iowa Code (1981) restricts the board's authority when the crime is a forcible felony and the person has a prior conviction of a forcible felony or its equivalent. Section 902.7 restricts the board's authority when the person has used a firearm in the current offense. ("A person sentenced pursuant to this section shall not be eligible for parole until he or she has served the minimum sentence of confinement imposed by this section."). The provisions operate the same way whether they carry the same label or not. The only difference is in the time and manner in which the determination of their applicability is made. Therefore I am unable to agree that the label controls the issue of constitutionality.

Under the principles in *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex,* 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979), and *State v. Wilson,* 314 N.W.2d 408 (Iowa 1982), I agree with the court that it is not a denial of due process or equal protection for the legislature to assign the determination of applicability of section 906.5 to the executive rather than judicial branch. In theory the decision will be made with administrative due process and will be subject to judicial review. The statute is not facially invalid. The difference in procedure for establishing the factual predicate for applying section 906.5 and 902.7 can be rationally defended on the basis that the predicate for section 906.5 depends on the existence of facts unrelated to the current offense.