Merrimack
No. 84-327
No. 84-404
No. 84-405

THE STATE OF NEW HAMPSHIRE

v.

GUY WHEELER

THE STATE OF NEW HAMPSHIRE

v.

VICTOR EVANS

THE STATE OF NEW HAMPSHIRE

v.

GUY ROUNDS

October 24, 1985

*Stephen E. Merrill*, attorney general (*John A. Malmberg*, assistant
attorney general, on the brief), by brief for the State.

*James E. Duggan*, appellate defender, of Concord, by brief for the
defendants.

### MEMORANDUM OPINION

The issue in these appeals is whether a disciplinary period may be
added to the minimum term of a sentence if their sum will exceed
one-half the maximum term of the sentence.

Each of these defendants was sentenced to a term of 3 1/2 to 7
years. Under RSA 651:2, II-e (Supp. 1983), the trial court then
added a disciplinary period of 150 days to each year of the minimum
term. Defendant Rounds later moved to modify his sentence, and
defendants Wheeler and Evans objected to their sentences, claiming
that the minimum sentence exceeded one-half of the maximum, in
violation of RSA 651:2, II. In each case, the sentencing judge (*Di-
Clerico*, J., in Nos. 84-327 and 84-404, and *Pappagianis*, J., in No.
84-405) denied the motion. We affirm.

The issue turns on the application of two statutes. The statute first
enacted is RSA 651:2, II, which provides that in felony cases where
the maximum term of sentence is less than life imprisonment the
court shall impose "a minimum which is not to exceed one-half of
the maximum. . . ."

The later statute is RSA 651:2, II-e (Supp. 1983), which provides
that

> "[t]o the minimum sentence of every person who is sen-
> tenced to imprisonment for a maximum of more than one
> year shall be added a disciplinary period equal to 150
> days for each year of the minimum term of his sentence,
> to be prorated for any part of the year. The presiding jus-
> tice shall certify, at the time of sentencing, the minimum
> term of the sentence and the additional disciplinary
> period required under this paragraph. This additional
> disciplinary period may be reduced for good conduct as
> provided in RSA 651:55-b. There shall be no addition to
> the sentence under this section for the period of pre-trial

confinement for which credit against the sentence is awarded pursuant to RSA 651:55-c."

The history of this later statute demonstrates that the legislature intended to ensure that prisoners serve the full minimum sentence imposed by the trial court, without reduction by the warden of the State prison on account of a prisoner's good conduct. *See* N.H.H.R. JOUR. 34–35 (1981-1982); *Hearings on HB 20 before the House Judiciary Committee*, at 2 (January 25, 1982) (statement of Representative Gregory Ahlgren). To effect this purpose, while retaining an inducement for good conduct, the quoted provision adds a further period above the minimum sentence, which the prisoner may then offset, and eliminate, with credits earned for good conduct as provided by RSA 651:55-b (now RSA 651-A:22 (Supp. 1983)).

██ "It is well established that where several statutes deal with the same subject matter, as is the case here, they should be construed, so far as reasonably possible, not to contradict each other." *State v. Woodman*, 114 N.H. 497, 500, 323 A.2d 921, 923–24 (1974) (quoting 2A J. SUTHERLAND, STATUTORY CONSTRUCTION § 51.02 (rev. 3d ed. G. Sands 1973)). This rule of construction is readily applied in the present case by recognizing that the "minimum sentence" or "minimum term" to which RSA 651:2, II-e (Supp. 1983) refers is the minimum sentence imposed under paragraph II. Subparagraph II-e does not direct that the "minimum term" be increased. It provides only that a "disciplinary period" be added to the minimum term. By distinguishing between "minimum term" and "disciplinary period" in subparagraph II-e, the legislature made it clear that the disciplinary period is not part of the "minimum term." Therefore, the addition of a disciplinary period to the longest minimum term possible under paragraph II does not violate the requirement that the minimum term may not exceed one-half the maximum.

*No. 84-327 affirmed; No. 84-404 affirmed; No. 84-405 affirmed.*

JOHNSON, J., did not sit.