Dwight WHARTON, Appellant,

v.

**IOWA BOARD OF PAROLE, Appellee.**

No. 89–1335.

Supreme Court of Iowa.

Nov. 21, 1990.

Philip B. Mears of Mears, Zimmermann & Mears, Iowa City, for appellant.

Thomas J. Miller, Atty. Gen., Thomas D. McGrane, Asst. Atty. Gen., and Connie Ricklefs, County Atty., for appellee.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, CARTER, and NEUMAN, JJ.

HARRIS, Justice.

This appeal presents an interesting question on the continuing viability of a statutory impediment to parole eligibility for a convicted criminal. Prompted by a suggestion in one of our opinions, the General Assembly, by way of simultaneous repeal and reenactment, moved the impediment from one chapter of the Iowa Code to another. The petitioner in this administrative

proceeding, who is serving sentences imposed prior to the action of the legislature, contends the impediment to parole no longer applies to him. The district court rejected his contention and so do we.

On October 2, 1984, petitioner Dwight Wharton (Wharton) was sentenced to two indeterminate sentences of not to exceed twenty-five years for first-degree robbery, to be served consecutively. The sentencing court did not mention any minimum sentence. Wharton had previously (in 1978) been convicted of a forcible felony (armed robbery) in Illinois. He did not learn of the effect of the Illinois conviction on his Iowa sentences until September of 1985 when he received a notice of a parole board decision.

The parole board decision implemented Iowa Code section 906.5 (1983) (felon previously convicted of forcible felony ineligible for parole until having served one-half maximum sentence). Section 906.5 gave the parole board responsibility for implementing its impediment to early parole.

■ I. In *State v. Wilson*, 314 N.W.2d 408, 410 (Iowa 1982), we held that the application of section 906.5 was a parole board determination, not a judicial one. We rejected Wilson's claim that his sentencing proceeding was flawed because the sentencing court did not advise him of the disastrous effect section 906.5 would have on his chances for early parole. Although we determined the procedure to be legal, we criticized it as unfair and invited the legislature to repair it. We said:

> [W]e believe the ... criticism of section 906.5 is well founded. No adequate reason appears for postponing the determination of the applicability of the statute until after the defendant is sentenced or for assigning the task to the parole board instead of to the court. It seems reasonable that the defendant should be apprised of the applicability of the enhanced penalty before sentencing. The present procedure introduces unnecessary uncertainty and complexity into the sentencing process.

*Id.* at 410–11.

The legislature responded to our suggestion, moving the provision from Iowa Code section 906.5 to Iowa Code section 902.11 (1989). The move was accomplished by the simultaneous repeal of the former section and reenactment of the new one. *See* 1988 Iowa Acts ch. 1091, § 2 and § 4.

Wharton contends the repeal of the provision in section 906.5, under which he was sentenced, effectively withdraws the impediment to his eligibility for parole. He argues that the 1988 legislation was silent, both as to any continuing effect of the old statute, or retrospective application of the one that supplanted it.

The district court correctly rejected Wharton's contention. According to a fundamental canon of statutory construction the simultaneous repeal and reenactment of all or a part of a legislative act leaves unaffected all rights, interests, and liabilities arising under the earlier provision. There is no interruption in the statute's operation. *State ex rel. Iowa Air Pollution Control Comm'n v. Winterset*, 219 N.W.2d 549, 551–52 (Iowa 1974). Wharton's statutory impediment to early parole was not affected by the 1988 legislation.

■ II. Wharton also contends section 906.5 of the 1983 Code was unconstitutional as a violation of separation of powers, due process, and equal protection. We find no merit in these challenges. The separation of powers challenge is grounded on Wharton's claim that a judicial function was, by former section 906.5, unconstitutionally transferred to the executive branch of government. As pointed out in *Frazee v. Iowa Board of Parole*, 248 N.W.2d 80, 83 (Iowa 1976), parole board decisions are subject to judicial review under the administrative procedure Act. Wharton's case arose as just such a proceeding. Thus the courts were given review of the sentences originally imposed by the courts. The parole board's implementation of former Code section 906.5 was merely ministerial. The due process and equal protection challenges were rejected in *Mead v. Iowa State Board of Parole*, 331 N.W.2d 102, 104–05 (Iowa 1983).

AFFIRMED.