# IN THE COURT OF APPEALS OF IOWA

No. 15-0593
Filed February 24, 2016

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**DEAN MICHAEL PENNELL,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Johnson County, Douglas S. Russell (guilty plea) and Ian K. Thornhill (sentencing), Judges.

Dean Pennell appeals the mandatory sentence imposed on his second-degree sexual-abuse conviction. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Vidhya K. Reddy, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., Bower, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**MAHAN, Senior Judge.**

Dean Pennell challenges the mandatory sentence imposed[1] after he pled guilty to second-degree sexual abuse, a class "B" felony. Pennell argues the mandatory minimum sentence violates the separation of powers provision of the Iowa Constitution by precluding the court from exercising its sentencing discretion. We review a constitutional challenge to an allegedly illegal sentence de novo. *State v. Ragland*, 836 N.W.2d 107, 113 (Iowa 2013).

At the sentencing hearing, Pennell's trial counsel noted the lack of discretion the trial court had due to the mandatory sentence. He then stated, "I will just take this opportunity to assert that the mandatory minimum sentences are unconstitutional," but noted he lacked "any support from caselaw on that." The sentencing court rejected his argument outright, stating, "I will not be declaring mandatory minimums unconstitutional here today."

The sentencing court certainly had good cause for declining Pennell's invitation to find mandatory minimum sentences unconstitutional, as do we. As Pennell acknowledges, the Iowa Supreme Court has already rejected this argument a number of times. *See State v. Phillips*, 610 N.W.2d 840, 842 (Iowa 2000) (rejecting the defendant's argument that the parole and work-release restrictions of section 902.12 infringe on the separation of powers between branches of government); *Wharton v. Iowa Bd. of Parole*, 463 N.W.2d 416, 417 (Iowa 1990) (rejecting a claim that the mandatory minimum sentences set forth in

---

[1] Pursuant to Iowa Code section 902.9(1)(b) (2011), the trial court sentenced Pennell to an indeterminate term of no more than twenty-five years in prison. He is not eligible for parole until he has served at least seven-tenths of the maximum term of his sentence. *See* Iowa Code § 903.12(3).

section 902.11 unconstitutionally violate the separation of powers); *State v. Holmes*, 276 N.W.2d 823, 830 (Iowa 1979) (rejecting a separation of powers challenge to mandatory minimum sentences for use of a firearm).  Although Pennell invites us to reconsider and overrule these rulings, "[w]e are not at liberty to overturn Iowa Supreme Court precedent."  *State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990).

In light of the published holdings of our supreme court, we affirm Pennell's sentence pursuant to Iowa Court Rule 21.26(1)(c).

**AFFIRMED.**