# IN THE COURT OF APPEALS OF IOWA

No. 24-0472
Filed January 9, 2025

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**JASON LEE TYER,**
     Defendant-Appellant.
_____

     Appeal from the Iowa District Court for Cerro Gordo County, Karen Kaufman Salic, Judge.

     Jason Tyer appeals his sentence for domestic abuse assault, third offense. **AFFIRMED.**

     Michael J. Jacobsma of Jacobsma Law Firm, P.C., Orange City, for appellant.

     Brenna Bird, Attorney General, and Joseph D. Ferrentino, Assistant Attorney General, for appellee.

     Considered by Tabor, P.J., and Chicchelly and Sandy, JJ.

**CHICCHELLY, Judge.**

Jason Tyer appeals his sentence for domestic abuse assault, third offense. He contends the court imposed an illegal sentence by ordering him to a determinate term of incarceration. Because the sentence imposed by the district court complies with the law, we affirm.

We review Tyer's claim that the district court imposed an illegal sentence for correction of errors at law. *See State v. Lee*, 6 N.W.3d 703, 706 (Iowa 2024). A sentence is illegal if it is not permitted by statute. *Id.* The court imposes an illegal sentence when it sentences a defendant to a term that is outside the statutory bounds. *State v. Wade*, 7 N.W.3d 511, 514 (Iowa 2024).

Tyer pled guilty to one count of domestic abuse assault, third offense, a class "D" felony.[1] The district court sentenced Tyer to an indeterminate term of no more than five years, and it ordered Tyer to serve all five years before being eligible for parole or work release. Iowa Code section 902.3 states that for felony convictions other than a class "A" felony, the court must impose a sentence of confinement "for an indeterminate term."[2] Tyer contends that because the court ordered him to serve a minimum sentence that is identical to the maximum term allowed by law, the court imposed a determinate sentence in violation of Iowa Code section 902.3.[3]

---

[1] A defendant who pleads guilty must show "good cause" to appeal. *See* Iowa Code § 814.6(1)(a)(3) (2023). Because Tyer is challenging the sentence imposed on his conviction rather than the plea itself, he has good cause to appeal. *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020).

[2] The maximum sentence for a conviction of a class "D" felony is "no more than five years." Iowa Code § 902.9(1)(e).

[3] No Iowa cases have addressed whether the court may impose a minimum sentence that is equal to the statutory maximum. Some jurisdictions require "an

Iowa's indeterminate sentence law requires the court to impose the maximum sentence established by statute. *State v. Wilson*, 314 N.W.2d 408, 409 (Iowa 1982).

> A determinate sentence imposes a specific number of years of imprisonment on a defendant, while an indeterminate sentence is one in which the legislature has set a range of the minimum and maximum amount of years deemed appropriate for the crime. Indeterminate sentences are parole eligible, while determinate sentences are not.

*State v. Propps*, 897 N.W.2d 91, 97 (Iowa 2017) (internal citation omitted). In absence of a statute setting a minimum sentence, the duration of the sentence is

---

appreciable amount of difference between the minimum and the maximum terms" of an indeterminate sentence. Arthur W. Campbell, *Law of Sentencing* § 4:2 Indeterminate sentencing (Oct. 2023 Update); *accord* G. Van Ingen, Annotation, *Validity, Under Indeterminate Sentence Law, of Sentence Fixing Identical Minimum and Maximum Terms of Imprisonment*, 29 A.L.R.2d 1344 (1953) (citing cases supporting "the principle that, under an indeterminate sentence law, the sentence cannot be for a definite term of imprisonment, but must be for not less than a specified period of time and for not more than a specified period, and there must be a difference between such periods, so that a sentence under such a law fixing identical minimum and maximum terms of imprisonment is invalid"). Many jurisdictions that require a differential in minimum and maximum sentences cite sentencing statutes that require it. *See, e.g.*, *State v. Sutton*, 498 A.2d 65, 67–68 (Conn. 1985) (requiring that "the minimum sentence imposed could not exceed one-half the maximum"); *State v. Wheeler*, 499 A.2d 1005, 1007 (N.H. 1985) (requiring "that the minimum term may not exceed one-half the maximum"); *People v. Edwards*, 503 N.Y.S.2d 40, 41 (App. Div. 1986) (requiring a minimum sentence of one-half the maximum for class B armed felony offenses and one-third the maximum for all others). Some jurisdictions allow indeterminate sentences imposing identical minimum and maximum sentences based on the absence of statutory language requiring a differential. *See, e.g.*, *Commonwealth v. Hogan*, 456 N.E.2d 1162, 1164 (Mass. App. Ct. 1983) (noting that, unlike in other jurisdictions, sentencing statute does not include "a specified differential between the minimum and maximum terms imposed" and refusing to imply one in the absence of such language); *State ex rel. Brinkley v. Wright*, 241 S.W.2d 859, 860–61 (Tenn. 1951) (finding, "in the absence of statutory prohibition," that indeterminate sentence fixing the same term for maximum and minimum sentence was not illegal). Iowa's sentencing laws are silent on the question of imposing different minimum and maximum sentences.

determined by the parole board. *Wilson*, 314 N.W.2d at 409. If a statute prescribes a minimum sentence, the court must determine whether it applies to the defendant. *Id.*

The sentencing court determined that the provisions of section 902.13 apply to Tyer, and Tyer does not dispute that determination. Instead, he argues that the plain statutory language does not allow the court to impose a five-year minimum sentence. His argument hinges on the words "between" and "within" as used in Iowa Code section 902.13.

> 1. A person who has been convicted of a third or subsequent offense of domestic abuse assault under section 708.2A, subsection 4, shall be denied parole or work release until the person has served *between* one-fifth of the maximum term and the maximum term of the person's sentence as provided in subsection 2.
> 2. The sentencing court shall determine, after receiving and examining all pertinent information referred to in section 901.5, the minimum term of confinement, *within* the parameters set forth in subsection 1, required to be served before a person may be paroled or placed on work release.

Iowa Code § 902.13 (emphasis added).

Our first step in interpreting a statute is determining whether it is ambiguous. *State v. McCollaugh*, 5 N.W.3d 620, 623 (Iowa 2024). If its language is plain and meaning clear, there is no ambiguity and our inquiry ends. *Id.* "It is our job to interpret that language as written." *Id.* at 624.

Tyer argues that under the ordinary and commonly understood meaning of section 902.13, the court had no power to impose a minimum sentence identical to the maximum. He claims that "within" is "a preposition used as a function word to indicate in the limits or compass of something" and "between" means "something is in intermediate relation to at least two other things." Applying those definitions,

he claims that "the court can only impose a minimum term of confinement that is less than five years and more than one year, but not a sentence that is for the maximum term of confinement, five years." In other words, Tyer views subsection (1) as setting two endpoints for the minimum sentence: a low endpoint of one-fifth of the maximum sentence (one year), and a high endpoint of the maximum sentence (five years). He argues that subsection (2) directs the court to choose a minimum sentence that falls along the range between those endpoints but excludes the endpoints.

In *Jensen v. Nelson*, 19 N.W.2d 596, 598 (Iowa 1945), the supreme court cited two definitions of "within" and recognized its use "is fairly susceptible of different meanings" relating to time. The first definition "fix[es] both the beginning and end of the period of time in which a specified act must be done. In this sense 'within' means 'during.'" *Jensen*, 19 N.W.2d at 598. The second definition of within means "not beyond, not later than, any time before, before the expiration of. In this sense 'within' fixes the end but not the beginning of the period of time." *Id.* (cleaned up). The court noted the second definition "is neither unusual nor strained and is well recognized in law." *Id.* Under either definition, the endpoint is fixed and cannot be exceeded. *See In re Sw. Aircraft Servs., Inc.*, 831 F.2d 848, 854 n.1 (9th Cir. 1987) (Anderson, J., dissenting) ("There are numerous cases in state and federal courts dealing with the use of the word 'within' in a variety of statutory situations. Most, if not all, hold that the word 'within' connotes *the limit beyond which action may not be taken.*" (emphasis added) (collecting cases, including *Jensen*, 19 N.W.2d at 598)).

Construing section 902.13(2) to allow the court to impose a minimum five-year sentence before eligibility for parole or work release provides a less strained reading and logical result. It complies with the general rules of statutory construction set by the legislature. *See* Iowa Code § 4.1(34) (stating that "the first day shall be excluded and the last included" when time is referenced in statutes "unless such construction would be inconsistent with the manifest intent of the general assembly, or repugnant to the context of the statute"). It also fits with Iowa caselaw. *See State v. Bird*, 220 N.W. 110, 113 (Iowa 1928) (stating that an indeterminate sentence is excessive if it *exceeds* the maximum provided by statute).

Tyer also argues that the court's judgment violates his right to due process because it conflicts with section 903A.2(1)(b), which identifies sentences imposed under section 902.13 as sentences for which an inmate "is eligible for a reduction of sentence equal to fifteen eighty-fifths of a day for each day of good conduct by the inmate." *See Maghee v. Iowa Dist. Ct.*, 712 N.W.2d 687, 692 (Iowa 2006) ("When a state has created a right to good conduct time, that right is embraced within the liberty interest protected by the Due Process Clause of the Fourteenth Amendment."). Tyer's argument rests on the assumption that by ordering him to serve "all five years" of his sentence without the possibility of parole, he will not accumulate credit for earned time. The State disagrees with Tyer's literal view of the sentencing order and assumes the right to credit for earned time is implicit even though it is not mentioned in the sentencing order.

Iowa Code section 903A.2(1)(a) states that "[e]ach inmate committed to the custody of the director of the department of corrections is eligible to earn a

reduction of sentence." Section 903A.2(1)(b) provides that those sentences imposed under section 902.13 "are subject to a maximum accumulation of earned time of fifteen percent of the total sentence of confinement," and those serving such sentences are "eligible for a reduction of sentence equal to fifteen eighty-fifths of a day for each day of good conduct." Ultimately, an administrative law judge determines the amount of earned time credit to which an inmate is entitled. *See* Iowa Code §§ 903A.1 (providing for appointment of an administrative law judge to review of the conduct of inmates as provided in section 903A.3), 903A.3(1) (allowing the administrative law judge to "order forfeiture of any or all earned time accrued" based on an inmate's conduct). Without an order denying Tyer credit for earned time, there is no error to correct. *See, e.g.*, *State v. Wade*, 757 N.W.2d 618, 627 (Iowa 2008) ("A case is ripe for adjudication when it presents an actual, present controversy, as opposed to one that is merely hypothetical or speculative."); *cf. State v. Adams*, No. 23-0651, 2023 WL 7014210, at *1 (Iowa Ct. App. Oct. 25, 2023) (holding that without a court order denying the defendant credit for time served, there was no error of law to correct).

**AFFIRMED.**