Alfred Ralph PETRONE,
Petitioner-Appellant,

v.

Audrey KASLOW et al.,
Respondents-Appellees.

No. 78–3074.

United States Court of Appeals,
Ninth Circuit.

Sept. 4, 1979.

Alfred Ralph Petrone, pro se.

Before HUFSTEDLER, TRASK, and SNEED, Circuit Judges.

PER CURIAM:

Petrone filed a petition for a writ of habeas corpus contending that the Parole Commission's decision to continue further consideration of his parole beyond the one-third point of his eight-year sentence (18 U.S.C. § 4205(b)(2)) denied him meaningful consideration.

■ Petitioner's contention that the Parole Commission's determination frustrated

the sentencing court's intent has been rejected by the Supreme Court in *United States v. Addonizio*, —— U.S. ——, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Even if the sentencing judge's expectations were frustrated by the Parole Commission's extension of time served, the prisoner cannot rely upon that fact to support a collateral attack on the original sentence. As the *Addonizio* Court stated: "[T]here is no basis for enlarging the grounds for collateral attack to include claims based not on any objectively ascertainable error but on the frustration of the subjective intent of the sentencing judge. . . .

"The decision as to when a lawfully sentenced defendant shall actually be released has been committed by Congress, with certain limitations, to the discretion of the Parole Commission. . . ." (*Id.* at ——, 99 S.Ct. at 2242.)

Under the Parole Commission and Reorganization Act, the scheduling of parole hearings in "(b)(2) cases is now defined by statute, 18 U.S.C. §§ 4208(a) and (h)." Under this statutory scheme, both (b)(2) prisoners and those with statutory minimum periods of incarceration receive the same treatment in being considered for parole. Accordingly, Petrone's reliance upon *Grasso v. Norton*, 520 F.2d 27 (2d Cir. 1975) and *Garafola v. Benson*, 505 F.2d 1212 (7th Cir. 1974), antedating the new statute, is misplaced.

The record does not support the contention that the Parole Commission did not give adequate attention to Petrone's institutional adjustment. We also reject his contention that the Parole Commission could not take into account all of his prior criminal record. We cannot say from the record before us that the Parole Commission abused the discretion committed to it by Congress. Finally, the notice of action given to Petrone adequately complied with constitutional standards of notice.

AFFIRMED.