**Lewis L. HATTON, Petitioner-Appellant,**

v.

**T.M. KEOHANE, Warden, F.C.I., Terminal Island, CA, Respondent-Appellee.**

**No. 82–5230.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 9, 1982.

Decided Nov. 16, 1982.

Patrick Ryan, Los Angeles, Cal., argued, for petitioner-appellant; William J. Genego, Los Angeles, Cal., on brief.

John Spiegel, Asst. U.S. Atty., Los Angeles, Cal., for respondent-appellee.

Before ELY and CHOY, Circuit Judges, and CARROLL,* District Judge.

CHOY, Circuit Judge:

Lewis Hatton appeals from the denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2241. Hatton's principal argument is that the Regional Parole Commissioner exceeded his authority in changing the recommendation of the Hearing Examiner Panel and increasing Hatton's presumptive release date from 51 to 60 months. We affirm the denial of Hatton's petition.

To promote a consistent but fair exercise of discretion when determining parole, the United States Parole Commission has adopted advisory guideline ranges for determining parole release dates. *See* 28 C.F.R. § 2.20(a) (1981). The guideline ranges vary according to the characteristics of the offense and the offender. *Id.* § 2.20(b). A hearing examiner panel makes the initial recommendation concerning parole and may make a recommendation outside a guideline range when the circumstances warrant it. *Id.* § 2.20(c). An administrative hearing examiner then reviews the panel's recommendation and makes his own parole recommendation to the Regional Commissioner who, in turn, sets the presumptive parole date. The Commissioner may modify any panel recommendation by up to six months. *Id.* § 2.24(b)(2). Any panel recommendation *outside* the guideline range is also reviewable by the Commissioner to the extent that the recommendation is outside the range. *Id.* § 2.24(b)(1).

A hearing examiner panel recommended that Hatton be given a presumptive parole at the minimum guideline level applicable to him (60 months). The panel then reduced the presumptive date by nine months because Hatton had demonstrated superior program achievement under 28 C.F.R. § 2.60. The panel explicitly stated that its net recommendation of 51 months was below the applicable guideline range of 60 to

72 months because of Hatton's superior performance while in custody. The Administrative Hearing Examiner disagreed with the panel's recommendation and suggested a 60-month term to the Commissioner in part because of Hatton's criminal record and past drug addiction. Relying on his authority under § 2.24(b)(1) to modify or reverse a panel recommendation outside the guideline range, the Commissioner modified Hatton's parole date to 60 months including a nine-month credit for program achievement.

Hatton argues that the Commissioner exceeded his authority by extending Hatton's presumptive release date. According to Hatton, the Commissioner should have focused on the panel's initial recommendation of 60 months and not the panel's net recommendation of 51 months, which took into account the program achievement, when determining whether the panel's recommendation fell outside the applicable parole guideline range for purposes of § 2.24(b)(1). Hatton argues that to read the regulations the way that the Commissioner did would render meaningless the special-achievement provisions because the achievement advancement of inmates whose initial recommendations fall near the upper level of the guideline range would be unreviewable under § 2.24(b)(1) while those of inmates whose initial recommendations fall near the lower end would.

■ Hatton is correct that, under the Commissioner's reading of the regulations, only certain program-achievement advancements may be subject to review under § 2.24(b)(1). Hatton's argument, however, ignores the very next portion of the regulations. Under § 2.24(b)(2), the Commissioner may review and modify any sentence, including any involving program-achievement advancements, by up to six months. Thus, contrary to the implications of Hatton's argument, all of the parole advancements based on program achievement are reviewable by the Commissioner. Giving

---

* The Honorable Earl H. Carroll, United States District Judge for the District of Arizona, sitting by designation.

the Commissioner more authority to revise those program-achievement advancements that remove a recommended parole from the guideline range than those that do not conforms with the underlying goal of the regulations: to promote a consistent but fair exercise of discretion.

The hearing panel that recommended Hatton be paroled in 51 months believed that its recommendation was "below the guidelines." Moreover, that interpretation was upheld throughout Hatton's administrative appeal. As such, it is entitled to some deference. Accordingly, we hold that Hatton has failed to show that the Commissioner's action constituted an abuse of discretion, *see United States v. Addonizio,* 442 U.S. 178, 188, 99 S.Ct. 2235, 2242, 60 L.Ed.2d 805 (1979); *Petrone v. Kaslow,* 603 F.2d 779, 780 (9th Cir.1979), or was incorrect as a matter of law.

■ Hatton also contends that construing the regulations to give such authority to the Commissioner violates the command of *United States v. Bass,* 404 U.S. 336, 348, 92 S.Ct. 515, 522, 30 L.Ed.2d 488 (1971), that ambiguity in criminal statutes be resolved in favor of the defendant. This argument is without merit. Even if we accept Hatton's argument that the Commissioner's and the district court's construction of the parole regulations should be evaluated under the standard of *Bass,* we are satisfied that the interpretation does not violate due process.

The denial of the petition for habeas corpus is AFFIRMED.