**Allen PROCTOR, Petitioner,**

v.

**UNITED STATES PAROLE COMMIS-
SION, Respondent.**

**No. 83 Civ. 7142 (GLG).**

United States District Court,
S.D. New York.

April 18, 1984.

As Amended May 15, 1984.

Allen Proctor, petitioner pro se.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City, for respondent; Michael D. Patrick, Asst. U.S. Atty., New York City, of counsel.

OPINION

GOETTEL, District Judge.

In this petition for a writ of habeas corpus, Allen Proctor contends that the decision of the United States Parole Commission (the "Commission") not to grant him an interim parole hearing in December of 1983 (when one-third of his five-year prison term had elapsed), constitutes both a violation of 18 U.S.C. § 4205(a) (1982) and a violation of his constitutional due process rights. The Commission responds by arguing that, under 18 U.S.C. § 4208(h) (1982), it has no obligation to provide an interim hearing until June of this year, 18 months after Proctor's initial parole hearing of December, 1982. The primary issue before the Court, therefore, is whether the Commission is required, in a case such as this, to conduct an interim parole hearing as

soon as one-third of a prisoner's sentence has elapsed.

FACTS

The facts of the case are not in dispute. On May 27, 1982, Proctor pleaded guilty to two counts of possession of stolen mail and one count of bail jumping on a felony charge. On July 16, 1982, Judge Cannella sentenced him to a five-year term of imprisonment on each of the two mail theft counts and to a three-year term on the bail jumping count. The two five-year terms for mail theft were to run concurrently, while the three-year term for bail jumping was to run consecutively to the five-year terms. Thus, he was sentenced to a total of eight years in prison.

Because he had been in continuous custody in relation to these offenses since April 20, 1982, his parole eligibility date was computed by the Bureau of Prisons to be December 18, 1984. This date represented the point at which two years and eight months, or one-third of his full sentence, would elapse.

On December 1, 1982, Proctor had his initial parole hearing. The examiner panel computed Proctor's Salient Factor Score (the "SFS") to be 0, the worst possible score.[1] In addition, the panel determined, under the Commission's parole policy guidelines, that the mail theft committed by Proctor fell within the "high severity" category of crimes because it involved a theft of property worth between $20,000 and $100,000. See 28 C.F.R. § 2.20, Offense Behavior Severity Index, 301(c) (1983).[2] Then, referring to a table that factors in both the category of severity of the offense and the SFS of the offender, the panel determined that, if only those factors were taken into account, Proctor

should serve between 34 and 44 months of his sentence in prison. See 28 C.F.R. § 2.20, Guidelines for Decision-Making (1983). The panel continued, however, by noting that Proctor had initially failed to appear to answer the charges of mail theft and had been convicted of bail jumping. Applying the Commission's clearly delineated policy and guidelines for a failure to appear, the panel added another 6 to 12 months to Proctor's term in prison. This resulted in a total parole eligibility range of 40 to 56 months. The panel then recommended that Proctor not be paroled until after he had served 56 months, or until December 20, 1986. It was this recommendation that was adopted by the Regional Commissioner and subsequently affirmed on appeal.

On January 28, 1983, after serving nine months in prison, Proctor moved for a reduction of sentence, which was granted by Judge Cannella. He reduced the total sentence from eight years to five by ordering that the three-year term for bail jumping be served concurrently, rather than consecutively, with the five-year term for mail theft.[3]

Eight months later, on August 22, 1983, the Commission received a letter from Proctor advising it that he had received the sentence reduction. Three days later, Jack Schneider, Case Analyst with the Northeast Regional Office of the Commission, answered Proctor by letter and informed him that the modification of his sentence was of insufficient importance to warrant a reopening of his case.

On October 13, 1983, after Proctor had served 18 months in prison, Schneider advised the Bureau of Prisons that Proctor's interim parole hearing should be moved up

---

1. The Salient Factor Score is derived from answers to a series of questions asked about the prisoner (e.g., number of prior convictions and history of drug addiction). Taken together, these answers provide a means of predicting the probability that the prisoner will violate parole. 28 C.F.R. § 2.20 (1983).

2. 28 C.F.R. § 2.20 specifically sets forth eight categories of severity of criminal conduct and

exactly how most crimes fit into these eight categories.

3. It is important to note that the reduction of sentence was based not on any new facts concerning Proctor's underlying offenses, but rather upon an apology that Proctor made to Judge Cannella concerning a misunderstanding Proctor apparently had during the sentencing hearing.

to June of 1984, from December of 1984. This change was based upon Schneider's correct reading of 18 U.S.C. § 4208(h) (1982) and 28 C.F.R. § 2.14(a) (1983), which provide that, after the initial parole hearing, interim parole hearings shall be held every 24 months in the case of a prisoner serving a term of seven years or longer but every 18 months in the case of a prisoner serving a term of less than seven years. Thus, because Proctor's total sentence had been reduced from eight years to five, the time between his initial and interim hearings had to be reduced from 24 months to 18. Proctor was notified that his sentence modification would be considered at the interim hearing in June of 1984, 18 months after his initial parole hearing and 26 months after beginning to serve time for these convictions.

Proctor, however, is not satisfied with this advance in his hearing schedule. He claims that because his parole eligibility time was reduced from 32 months to 20, and because those 20 months elapsed in December of 1983, he should have been granted a hearing at that time. He bases his claim on 18 U.S.C. § 4205(a) (1982), which provides: "Whenever confined and serving a definite term or terms of more than one year, a prisoner shall be eligible for release on parole after serving one-third of such term or terms ... except to the extent otherwise provided by law." *Id.* The Parole Commission responds that subsection 4205(a) merely provides a starting point for determining when a prisoner may be paroled. The Commission continues by arguing that neither subsection 4205(a) nor any other statutory or regulatory provision requires the Commission to automatically hold an interim parole hearing when one-third of the prisoner's term has elapsed.

For reasons that are discussed below, the Court finds that it is in agreement with the Commission's position and that Proctor's petition must, therefore, be dismissed.

## DISCUSSION

"Federal court review of [P]arole [C]ommission decisions is extremely limited, be-cause the [C]ommission has been granted broad discretion to determine parole eligibility." *Bialkin v. Baer*, 719 F.2d 590, 593 (2d Cir.1983). Indeed, as the Second Circuit stated in *Bialkin:* "The appropriate standard for review of the [C]ommission's decisions is whether there has been an abuse of discretion. This means that a court may not substitute its own judgment for that of the [C]ommission, but may consider only whether there is a rational basis for the [C]ommission's decision." *Id.* (citations omitted). Here, despite the petitioner's protests to the contrary, the Court finds that the Commission has stayed well within the letter of the law and is not abusing its discretion by waiting until June of this year to conduct an interim parole hearing.

■ In his attempt to read into subsection 4205(a) a requirement that a hearing must be granted when one-third of a prisoner's term has expired, Proctor overlooks subsection 4208(a), which explicitly provides that, "[w]henever feasible, the initial parole determination proceeding for a prisoner eligible for parole pursuant to [subsection 4205(a) ] shall be held not later than thirty days before the date of such eligibility for parole." 18 U.S.C. § 4208(a) (1982). It is this provision, as well as subsection 4208(h), that controls the question of when parole hearings must be conducted, *Petrone v. Kaslow*, 603 F.2d 779, 780 (9th Cir.1979).

In this case, Proctor's *initial* parole hearing was held in December of 1982, a year before one-third of his reduced sentence elapsed. The Commission, thus, has complied with the subsection 4208(a) "requirement" that the initial hearing be held "at least thirty days before" one-third of the term has expired. *See, e.g., Young v. United States Parole Commission*, 682 F.2d 1105, 1110 (5th Cir.), *cert. denied*, 459 U.S. 1021, 103 S.Ct. 387, 74 L.Ed.2d 517 (1982). Similarly, by scheduling Proctor's first interim hearing for June of this year, the Commission has complied with subsec-

tion 4208(h)(1),[4] under which the Commission is required to schedule interim hearings at least as frequently as every 18 months after the initial hearing.[5]

█ Of course, the Court's analysis cannot end here, for it is possible to conceive of a situation in which the Commission is faced with a sentence modification so substantial that to follow the course the Commission has taken here would be to deny the prisoner a timely parole eligibility review. A close examination of the steps originally taken by the examiner panel in this case, however, clearly demonstrates that the subsequent three-year reduction was not such a modification.

The panel, as it should, based the presumptive parole date of 56 months on factors having nothing, or very little, to do with the total time to be served. *See, e.g., Garcia v. Neagle,* 660 F.2d 983, 991 (4th Cir.1981), *cert. denied,* 454 U.S. 1153, 102 S.Ct. 1023, 71 L.Ed.2d 309 (1982). Rather, the uniform guidelines of the Commission were properly and systematically applied. As has already been noted, these guidelines incorporate such factors as the severity of the crime committed (not the length of the sentence imposed) and those offender characteristics indicative of a substantial risk of parole violation.[6] *Id.* To derive the base parole eligibility range of 34 to 44 months from these guidelines, the panel looked solely at the mail theft counts and Proctor's extremely poor SFS.[7] Neither of these factors has changed since his imprisonment. Thus, there is absolutely no reason to believe that his base eligibility range would have been reduced if an interim parole hearing had been held in December of 1983. Indeed, no purpose would be served by holding such a hearing anytime before June of 1984, at which time he will have been imprisoned for 26 months and will still have six months to go before he has any chance whatsoever of being granted parole.[8] The Commission, in the person of Case Analyst Jack Schneider, reasonably and justifiably reached just this conclusion when it reviewed Proctor's case after being notified of his sentence reduction.

Thus, even without considering the additional six to twelve months assigned by the panel because of Proctor's failure to appear,[9] the Court concludes that the Commission has acted well within its discretion

4. The requirements of subsection 4208(h)(1) are further articulated in 28 C.F.R. § 2.14(a) (1983), which provides in relevant part:

(a) *Interim proceedings.* The purpose of an interim hearing required by 18 U.S.C. 4208(h) shall be to consider any significant developments or changes in the prisoner's status that may have occurred subsequent to the initial hearing.
(1) Notwithstanding a previously ordered presumptive release date ... interim hearings shall be conducted by an examiner panel ... at the following intervals from the date of the last hearing:
(i) In the case of a prisoner with a maximum term or terms of less than seven years, every eighteen months (until released).
*Id.*

5. Although at least one court, in dictum, has expressed doubts about the appropriateness of the initial hearing being held a number of months before one-third of the term has elapsed and the first interim hearing quite awhile thereafter, *Rodriguez v. United States Parole Commission,* 594 F.2d 170, 171–73 (7th Cir.1979), the Fifth Circuit faced the issue squarely in *Young v. United States Parole Commission,* 682 F.2d 1105, 1110 (5th Cir.), *cert. denied,* 459 U.S. 1021,

103 S.Ct. 387, 74 L.Ed.2d 517 (1982), and held that the Commission's procedure does provide a prisoner with timely parole review.

6. The reasonableness of considering both of these factors in determining a prisoner's parole eligibility date is not at issue here.

7. Proctor's low score results from, *inter alia,* his having eight prior convictions and five prior commitments by the time he was twenty-five years of age; his having admitted to being dependent on heroin for the last ten years; and his having been an escapee from a New York State prison when he committed the mail thefts.

8. The same reasoning applies even if, as Proctor now contends, his recent transfer to the federal facility in Terra Haute, Indiana, will have the practical consequence of delaying his interim hearing for one or two months.

9. Proctor concedes that the assignment of such additional time for his failure to appear was, and is, in compliance with the Commission's Procedures Manual. *See* Proctor Affidavit in Opposition to Return at 1. Nonetheless, he continues to declare that this policy has deprived him of his constitutional due process rights.

by setting the interim hearing date no earlier than June. The Court finds no statutory or regulatory requirement that an earlier hearing date be set and can fathom no reason for going beyond the regulations and ordering what would essentially be a special hearing.[10] Contrary to Proctor's assertions, whatever due process right he has to a timely hearing is being quite adequately preserved by the Commission's decision to hold a hearing two months from now.

CONCLUSION

In accordance with the preceding discussion, Proctor's application for a writ of habeas corpus must be, and is, dismissed.[11]

SO ORDERED.

Although the Court need not reach and does not decide this issue, it does note that common sense dictates that failures to appear in court and prior violations of parole regulations should be given serious consideration whenever the Commission has to decide whether a prisoner should be paroled. In any case, within two or three months' time, an examiner panel will have the opportunity to review Proctor's argument's concerning this issue. For the Court to decide the matter before the panel holds its hearing would be to usurp the Commission's function.

10. This same conclusion applies to Proctor's secondary claim—that the Regional Commissioner should reopen his case because the sentence reduction is "new information of substantial significance favorable to the prisoner." *See* 28 C.F.R. § 2.28(a) (1983). As Proctor himself notes, it is within the discretion of the Regional Commissioner alone to reopen or not reopen a case, *id.;* and, for the same reasons discussed above with regard to the interim hearing request, the Court does not see how the Regional Commissioner abused his discretion by refusing to reopen a case that was to be reconsidered by an examiner panel well before the time that the sentence reduction could possibly benefit the prisoner.

11. The Court's decision to dismiss the petition makes it unnecessary to consider Proctor's most recent application, a request to convert this into a class action and to add Warden Michael Quinlan as a defendant.