774 F.2d 1163
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Vincente Robinson-Bobb, Petitioner-Appellant,
v.
T.R. Young, Warden, and United States Parole Commission,
Respondents-Appellees.
 No. 84-5764
 United States Court of Appeals, Sixth Circuit.
 9/23/85
 
 W.D.Tenn.
 AFFIRMED
 ORDER
 BEFORE: ENGEL and KRUPANSKY, Circuit Judges; and PECK, Senior Circuit Judge.
 
 
 1
 Petitioner is appealing from an order dismissing his action challenging a decision of the United States Parole Commission. The appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the briefs and record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 It appears from the record that in 1981 petitioner was convicted of possession of marijuana with intent to distribute under 21 U.S.C. Sec. 841. He was sentenced to 15-years' imprisonment. On March 23, 1983, petitioner filed a motion for reduction of sentence under Rule 35, Federal Rules of Criminal Procedure. The motion was granted and petitioner's sentence was reduced from a straight sentence under 18 U.S.C. Sec. 4205(a) to a sentence under 18 U.S.C. Sec. 4205(b)(2).[1]
 
 
 3
 In 1983, petitioner's case was reviewed by the Parole Commission. At that time, petitioner's offense severity rating was set at Category 6, which carries with it a presumptive parole date of 40 to 52 months. 28 C.F.R. Sec. 2.20. Petitioner's parole date was instead fixed at 62 months due to the nature of the offense committed. Whereupon, the present action was filed, challenging the Commission's action on three grounds:
 
 
 4
 1. That the Commission improperly disregarded the intent of the district court by failing to reduce petitioner's presumptive parole date in proportion of the 'reduction' of his sentence;
 
 
 5
 2. That the Commission improperly placed petitioner's parole eligibility some 22 months above the guideline range as the result of 'double counting' of the same factor, i.e., the amount of marijuana involved in the offense, in fixing the offense severity rating as well as the presumptive parole date;
 
 
 6
 3. That in fixing the parole date, the Commission failed to take into account petitioner's good behavior while incarcerated.
 
 
 7
 The district court dismissed petitioner's action sua sponte as being frivolous under 28 U.S.C. Sec. 1915(d). The action was dismissed without allowing service of the complaint on the defendant and permitting the plaintiff to amend the complaint or respond to the court's notice of intent to dismiss. This procedure does not run afoul of Tingler v. Marshall, 716 F.2d 1109 (6th Cir. 1983), because under this Court's decision in Spruytte v. Walters, 753 F.2d 498 (6th Cir. 1985), the requirements of Tingler do not apply to dismissals of complaints under 28 U.S.C. Sec. 1915(d). A complaint may be dismissed under Section 1915(d) if it appears beyond doubt that the petitioner can prove no set of facts which would entitle him to relief. Malone v. Colyer, 710 F.2d 258 (6th Cir. 1983). Upon review of the present record, it appears the district court did not err in dismissing petitioner's claims.
 
 
 8
 Petitioner's first claim is without merit because the present parole guidelines may be applied in the same manner to Section 4205(b)(2) sentences as to sentences imposed under Section 4205(a); the Parole Commission is not required to treat the sentences differently. Farkas v. United States, 744 F.2d 37, 40 (6th Cir. 1984); Moore v. Nelson, 611 F.2d 434, 437 (2d Cir. 1979); Petrone v. Kaslow, 603 F.2d 779, 780 (9th Cir. 1979).
 
 
 9
 Petitioner's second challenge goes to the practice of 'double counting' employed by the Commission to fix a prisoner's offense severity rating and also, if warranted, to increase the prisoner's parole eligibility date beyond the recommended period. As noted above, petitioner's offense severity rating was set at Category 6. The requirements warranting a Category 6 rating are: 1) that the offense involves a large amount of marijuana (over 20,000 pounds); and 2) that the prisoner has a proprietary or managerial role in the distribution or possession of the marijuana. See Att. 4. In this case, the Commission extended the parole date beyond established guidelines because: 1) the case involved over 140,000 lbs. of marijuana; 2) petitioner had previously been arrested on board a vessel containing over 45,000 lbs. of marijuana; 3) as captain of a 150 foot, 600 ton vessel, petitioner attempted to ram a Coast Guard cutter; 4) he also failed to stop his vessel when shots were fired and, further, attempted to scuttle the vessel's cargo prior to his apprehension.
 
 
 10
 Various circuits have approved the practice of 'double counting' as consistent with the intent of Congress in passing the parole statutes. Sotelo v. Hadden, 721 F.2d 700 (10th Cir. 1983); Alessi v. Quinlan, 711 F.2d 497, 500 (2d Cir. 1983). Generally, the question of extending the parole date beyond recommended guidelines is left to the discretion of the Commission. See Adams v. Keller, 736 F.2d 320, 324 (6th Cir. 1984) (en banc). Considering the aggravating factors surrounding petitioner's case, the Commission did not abuse its discretion in extending petitioner's parole date.
 
 
 11
 Finally, petitioner assails the Commission's failure to take his exemplary institutional conduct into consideration. Good institutional behavior is only one factor to be considered in determining parole eligibility under 18 U.S.C. Sec. 4206. The weight to be given this factor is a matter of discretion to be considered in conjunction with 'the nature and circumstances of the offense.' 18 U.S.C. Sec. 4206(a); Hayward v. United States Parole Commission, 659 F.2d 857, 861 (8th Cir. 1981), cert. denied, ---- U.S. ----, 102 S.Ct. 1991 (1982); Moore v. Nelson, supra, at 438 n. 8. In view of the considerable discretion afforded the Commission in these matters, the district court did not err in dismissing this claim as frivolous.
 
 
 12
 For the above reasons, it is ORDERED that the final order of the district court be and it hereby is affirmed.
 
 
 
 [1]
 Under 18 U.S.C. Sec. 4205(a), a prisoner is eligible for parole after serving one-third of his sentence. Under Section 4205(b)(2), the sentencing court specifies that the prisoner may be released on parole at such time as the Commission may determine appropriate