779 F.2d 52
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JACK ROBEY, Petitioner-Appellant
v.
UNITED STATES PAROLE COMMISSION AND WARDEN, F.C.I., ASHLAND,
KENTUCKY, Respondents-Appellees.
 85-5280
 United States Court of Appeals, Sixth Circuit.
 10/25/85
 AFFIRMED
 
 1
 E.D.Ky.
 
 ORDER
 
 2
 BEFORE: KENNEDY and MILBURN, Circuit Judges; and COOK, District Judge*.
 
 
 3
 Petitioner appeals from an order granting summary judgment for respondents in this habeas corpus action filed under 28 U.S.C. Sec. 2241. He moves this Court for appointment of counsel. Upon consideration of the motion, petitioner's informal brief and the record, this panel agrees unanimously that oral argument is not required to decide the merits of petitioner's appeal. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 4
 Petitioner was indicted on three counts of theft of interstate shipment. Pursuant to a plea bargain, he pled guilty to one count and the remaining two counts were dismissed. He was sentenced to five years imprisonment and given an initial hearing by a panel of parole examiners at the Federal Corrections Institution, Milan, Michigan. The hearing panel recommended to the Regional Commissioner that petitioner's presumptive parole date be March 29, 1985, after 24 months of imprisonment. The Regional Parole Commissioner considered the dismissed counts of theft against petitioner and petitioner's presentence report and recommended to the National Parole Commissioner ?? incarceration period prior to parole be increased twelve months beyond ?? recommendation. The recommendation was accepted.
 
 
 5
 Petitioner contends that consideration given to the dismissed counts and his ?? report by the Regional Commissioner constituted a denial of due process. ?? further contends that the twelve month increase of incarceration prior to parole eligibility violated the Commission's rules and regulations under 28 C.F.R. Sec. 2.24 because the Regional Commissioner's maximum increase could allegedly only be six months. Petitioner claims that the additional increase of time in excess of six months was an abuse of discretion and an unconstitutional deprivation of his liberty.
 
 
 6
 Upon consideration, this Court finds petitioner's claims to be without merit. There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence. Greenholtz v. Nebraska, 442 U.S. 1 (1978). Moreover, the Parole Commission is required to consider relevant and available information concerning the prisoner's characteristics and offense, including presentence investigation reports. Farkas v. United States, 744 F.2d 37 (6th Cir. 1984); 28 C.F.R. Sec. 2.19(a)-(b). It is irrelevant that petitioner was not convicted for the two counts of theft dismissed against him. The fact that petitioner was involved in the criminal activity made the information relevant for petitioner's parole consideration. Farkas, supra. See Taylor v. United States Parole Commission, 734 F.2d 1152 (6th Cir. 1984); Adam v. Keller, 736 F.2d 320 (6th Cir. 1984). Hence, consideration given to petitioner's presentence report by the Regional Commissioner did not constitute an abuse of discretion. Finally, the Regional Commissioner is authorized to increase the parole panel's recommended presumptive parole date beyond six months so long as the recommended increase is approved by the National Parole Commissioner and petitioner is notified. 28 C.F.R. Sec. 2.24(a)(b)(1)(2). The procedures utilized in this case to designate petitioner's presumptive parole date were in full compliance with 28 C.F.R. Sec. 2.24(a). Hatton v. Keohane, 693 F.2d 88 (9th Cir. 1982).
 
 
 7
 It is therefore ORDERED that petitioner's motion for appointment of counsel be and hereby is denied and the district court's decision is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Julian A. Cook, Jr., U.S. District Judge for the Eastern District of Michigan, sitting by designation