815 F.2d 75
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John ATNIP, Petitioner-Appellant,
v.
UNITED STATES PAROLE COMMISSION and R.L. Matthew, Warden,
Respondents- Appellees.
 No. 86-5849.
 United States Court of Appeals, Sixth Circuit.
 Feb. 20, 1987.
 
 Before MARTIN and NELSON, Circuit Judges; and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 The petitioner moves for counsel on appeal from the district court's order denying his petition for a writ of habeas corpus. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the petitioner's informal brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The petitioner was convicted of marijuana and cocaine offenses. The Parole Commission initially gave the petitioner an offense severity rating of category six and a parole guideline range from 40 to 52 months. When the petitioner appealed to the Regional Appeals Board, that Board reduced the offense severity rating to category five, gave the petitioner a parole guideline range from 24 to 36 months, and established a presumptive parole date of 34 months. The National Appeals Board affirmed the Regional Board's decision.
 
 
 3
 The petitioner then filed his petition challenging the Commission's decision. The district court addressed each of the petitioner's arguments and found them to be without merit. The court held that the Commission's "principle of parsimony" from its procedural manual did not possess the force of law and did not create due process rights in members of the general public. Lynch v. United States Parole Commission, 768 F.2d 491, 497 (2nd Cir.1985). The court held that the Commission properly exercised its discretion to reduce the petitioner's parole date by six months under 28 C.F.R. Sec. 2.24(b)(2). Hatton v. Keohane, 693 F.2d 88, 89 (9th Cir.1982).
 
 
 4
 The court also held that the parole board did not engage in improper double-counting of the amount of drugs involved in the petitioner's offenses because it did not establish a presumptive parole date outside of the guidelines. See also Allen v. Hadden, 738 F.2d 1102, 1105 (10th Cir.1984). Finally, the court held that the petitioner's offense severity rating of category five was proper. 28 C.F.R. Sec. 2.20, Chapter 9, Subchapter C, Nos. 921(d) and (e). We agree with these conclusions of the district court.
 
 
 5
 The motion for counsel is denied. The order of the district court is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.