**Simon C. SOTELO, Petitioner,**

v.

**John T. HADDEN, F. C. I., Englewood, Colorado; and the United States Parole Commission, Respondents.**

**Civ. A. No. 81–Z–1157.**

United States District Court, D. Colorado.

Aug. 24, 1982.

Armando C. de Baca, Denver, Colo., for petitioner.

Marianne Wesson, Asst. U. S. Atty., Denver, Colo., for respondents.

### ORDER

WEINSHIENK, District Judge.

Simon Sotelo, an inmate at F. C. I. Terminal Island, California, has petitioned for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 seeking presumptive parole release or another parole hearing. The disputed issue has been stipulated by counsel in the Pre-Trial Order entered by United States Magistrate Hilbert Schauer: Can the Parole Commission deny parole eligibility by reason of the severity of the offense without stating any other grounds than those which bring [petitioner] within its own guidelines and classifications? This matter is before the Court for decision on the briefs of the parties.

Petitioner Sotelo is serving a 15 year sentence following a conviction for charges relating to the distribution and possession of heroin. In January of 1980, the Hearing Examiner Panel at F. C. I. Englewood rated his offense as Greatest Severity II and his salient factor score as 10, which combined to indicate a presumptive release date of 52 + months. The Panel recommended that he be continued to the expiration of his sentence. The Regional Commissioner adopted that recommendation, stating "a decision outside the guidelines ... is not found warranted." The Commissioner's decision was affirmed on appeal by the Regional Appeals Board. On further appeal, the National Appeals Board modified the

---

**3.** Shadur, *Lawyers' Conflicts of Interest: An* *Overview,* 58 Chi.B.Rec. 190 (1977).

severity rating of petitioner's offense from Greatest II to Greatest I severity. Because of this change, they also found that the guideline range was 40–52 months rather than the 52 + months determined by the original Panel. Nevertheless, they affirmed the decision that petitioner be continued to expiration, rather than setting a presumptive date within the guidelines. This decision moved the petitioner's parole status from within the guidelines to above the guidelines. The National Appeals Board's Notice of Action on Appeal stated:

> Your offense behavior has been rated as Greatest I severity because you were involved in the distribution of more than 50 grams of pure heroin in which you had a managerial and/or proprietary interest and you failed to appear after being released on bond for more than 2 years. You have a salient factor score of 10. You have been in custody a total of 18 months. Guidelines established by the Commission for adult cases which consider the above factors indicate a range of 40–52 months to be served before release for cases with good institutional program performance and adjustment. After review of all relevant factors and information presented, a decision above the guidelines appears warranted because of your leadership role and the magnitude of the offense behavior which was ongoing for one and a half years.

■ The Parole Commission has broad discretionary powers in evaluating a prisoner for parole and that decision will not be upset unless it is arbitrary or capricious. *See Dye v. United States Parole Commission*, 558 F.2d 1376 (10th Cir. 1977). "Clearly the Commission has the authority to make a decision outside the guidelines 'if it determines there is good cause for so doing: *provided* that the prisoner is furnished written notice stating with particularity the reasons for its determination, including a summary of the information relied upon.' 18 U.S.C. § 4206(c)." *Sacco v. United States Parole Commission*, No. 80–1530, unpublished opinion at 6 (10th Cir. April 6, 1981). The 10th Circuit Court has stated that "Board policy requires additional rea-

sons to be given only when a decision is made outside the guidelines." *Fronczak v. Warden*, 553 F.2d 1219, 1221 (10th Cir. 1977).

■ The reasons given by the National Appeals Board for its decision outside the guidelines, leadership and magnitude of the offense, are both grounds for placing the petitioner's offense in the Greatest Severity I category. *See* 28 C.F.R. § 2.20. This Court agrees with the reasoning of Judge Newman of the District Court for the District of Connecticut that "[i]t is simply irrational for seriousness of the offense to be used first to determine the appropriate guideline period and then to be used again as the stated reason for confining a prisoner beyond that guideline." *Lupo v. Norton*, 371 F.Supp. 156, 163 (D.Conn.1974). *See Little v. Hadden*, 504 F.Supp. 558 (D.Colo. 1980); *Brach v. Nelson*, 472 F.Supp. 569 (D.Conn.1979); *cf. Sacco, supra* at 8–9; *Allen v. Hadden*, 536 F.Supp. 586 (D.Colo. 1982). Duplicate use of the same reasons to put a prisoner within and outside of the guidelines has the appearance of being arbitrary and capricious. There does not appear to be a "good cause" for the decision to hold this petitioner beyond the guidelines. Therefore, it is

ORDERED that this case is remanded to the respondents for further consideration and actions consistent with this opinion and order. In particular, the respondents shall make a new determination of petitioner's parole status within 60 days. Should the respondents decide that a parole determination outside of that recommended by the guidelines is warranted, it shall, in accordance with 18 U.S.C. § 4206(c), state in writing its reasons for that determination. None of the factors used to determine offense severity or petitioner's salient factor score shall also be used as justification for making a parole determination outside of the guidelines. It is

FURTHER ORDERED that the respondents shall make a determination of petitioner's parole status, including all normally available administrative appeals, within 60

days of the date of this Order. If such a determination is not made within this time, the petitioner may petition this Court for further appropriate relief. This Court will, therefore, retain jurisdiction to issue any orders that shall be necessary in the future. It is

FURTHER ORDERED that petitioner shall notify the Court when a new parole determination has been made so that the cause of action may be dismissed.