Simon C. SOTELO, Petitioner-Appellee,

v.

John T. HADDEN, Warden, Federal Correctional Institution, Englewood, Colorado; and United States Parole Commission, Respondents-Appellants.

No. 82–2356.

United States Court of Appeals, Tenth Circuit.

Nov. 10, 1983.

Toby D. Slawsky, Atty., U.S. Parole Com'n, Chevy Chase, Md. (Joseph A. Barry, Gen. Counsel, U.S. Parole Com'n, Washington, D.C., and Robert N. Miller, U.S. Atty., D. Colo., Denver, Colo., with him on brief), for respondents-appellants.

L. Aron Pena, of Pena, McDonald, Prestia & Ibanez, Edinburg, Tex. (Armando C. De Baca, Denver, Colo., with him on brief), for petitioner-appellee.

---

Before McWILLIAMS, BREITENSTEIN and SEYMOUR, Circuit Judges.

McWILLIAMS, Circuit Judge.

Simon C. Sotelo was sentenced to fifteen years imprisonment on March 30, 1979, by the United States District Court for the Northern District of California, 545 F.Supp. 1128, upon his conviction for conspiracy to distribute heroin. On July 2, 1981, while he was incarcerated at the Federal Correctional Institute in Englewood, Colorado, Sotelo instituted the present action pursuant to 28 U.S.C. § 2241. John T. Hadden, warden of the correctional institution, and the United States Parole Commission were named as defendants. The gravamen of the petition was that, in refusing to fix a date for release on parole, the Commission abused its discretion by acting contrary to its own guidelines. The district court agreed with Sotelo and entered judgment directing the Commission to redetermine Sotelo's parole status. The defendants appeal. We reverse.

As stated, Sotelo was sentenced on March 30, 1979, and he was afforded a parole hearing on January 22, 1980. After administrative review, the National Appeals Board of the United States Parole Commission determined that Sotelo's sentence should continue to its expiration and refused to fix a presumptive date for release. In so doing, the Board rated Sotelo's offense as Greatest I Severity and his salient factor as 10. Guidelines established by the Commission for adult cases involving inmates in the Greatest I Severity -salient factor 10 category indicate a range of 40 to 52 months to be served before release, assuming "good institutional adjustment and program progress." 28 C.F.R. § 2.20(b) (1982). However, the Board, after a review of all relevant factors, concluded that it should go *above* the guidelines, and it was on this basis that it ruled that Sotelo should serve his entire sentence, which would result in Sotelo serving approximately ten years before his mandatory release. The Board's ruling in its entirety is as follows:

Your offense behavior has been rated as Greatest I Severity because you were involved in the distribution of more than 50 grams of pure heroin in which you had a managerial and/or proprietary interest and you failed to. appear after being released on bond for more than 2 years. You have a salient factor score of 10. You have been in custody a total of 18 months. Guidelines established by the Commission for adult cases which consider the above factors indicate a range of 40–52 months to be served before release for cases with good institutional program performance and adjustment. After review of all relevant factors and information presented, a decision above the guidelines appears warranted because of your leadership role and the magnitude of the offense behavior which was ongoing for one and a half years.

Sotelo's basic position is that the same factors which the Commission used to rate Sotelo's offense as Greatest I Severity were then used by the Commission to go above its guidelines, and that before the Commission can go above its guidelines there must be additional and different reasons than those used to determine offense severity. The Commission, as we understand it, agrees that to go above the guidelines there should be additional reasons, other than those relied on to determine offense severity, but contends that in the instant case its reasons for going above the guidelines were different from those used in rating the severity of Sotelo's offense. The district court, however, agreed with Sotelo and, citing *Lupo v. Norton,* 371 F.Supp. 156, 163 (D.Conn.1974), concluded that the Board's reasons for going above the guidelines were duplicative of the reasons relied on by the Board in placing Sotelo's offense in the Greatest I Severity category, and that to permit such "has the appearance of being arbitrary and capricious." We disagree.

The reasons given by the Board for rating Sotelo's offense behavior as Greatest I Severity are as follows:

1. Sotelo was involved in the distribution of more than 50 grams of pure heroin.

2. Sotelo had a managerial and proprietary interest in the distribution.

3. Sotelo jumped bond and failed to appear on the heroin charge for approximately 2 years.

The reasons given by the Board for going above the guidelines are as follows:

1. Sotelo had a leadership role in the heroin distribution.

2. The magnitude of the operation.

3. The operation was ongoing for one and one-half years.

■ Without going into great detail concerning the basis for Sotelo's conviction, the record indicates that Sotelo was in charge of a large scale, highly structured group that distributed approximately 100 pounds of 6% pure heroin each month for at least one and one-half years in the San Francisco Bay area. In our view, the reasons given by the Board for going above the guidelines, when viewed in the light of the facts and circumstances leading to Sotelo's conviction, are different than, and in addition to, the reasons relied on for rating Sotelo's offense as Greatest I Severity. For example, there is a great difference between distributing only 50 grams of heroin and distributing 100 pounds of heroin a month, the magnitude of the latter obviously being much greater than that of the former. Similarly, a single distribution is far different from the organized distribution on a systematic basis for over a year and a half. Also, a "leadership role" in the distribution scheme is not necessarily identical to the finding that Sotelo also had a "managerial" or "proprietary" interest in the distribution. In short, the reasons given by the Board for going above the guidelines are not the same as the factors relied on by the Board in rating Sotelo's offense severity.

■ Judicial review of a Parole Board's decision fixing an inmate's date of release is a narrow one, and the Board's decision should not be disturbed by the courts unless there is a clear showing of arbitrary and capricious action or an abuse of discretion. *Dye v. United States Parole Commission,* 558 F.2d 1376 (10th Cir.1977). Further, an administrative agency's interpretation and application of its own regulations should be given some deference by the courts. *McClanahan v. Mulcrome,* 636 F.2d 1190 (10th Cir.1980).

We believe *Alessi v. Quinlan,* 711 F.2d 497 (2d Cir.1983) and *Solomon v. Elsea,* 676 F.2d 282 (7th Cir.1982) to be directly in point. In each case the circuit court rejected the argument that the reasons given by the Board for going above the guidelines were the same as those used for determining offense severity. In *Alessi,* the Board's reasons for going above the guidelines were that the inmate had a "major role in an ongoing heroin distribution ring which was responsible for selling kilograms of heroin on a regular basis . . . [which] utilized more than twelve co-conspirators and existed for a considerable length of time." In *Solomon,* the Board gave as its reason for going above the guidelines the fact that the drug operation was of "unusual magnitude in that the hashish was valued in excess of $1,000,000 and was part of an international smuggling operation." The rationale of *Alessi* and *Solomon* supports our conclusion that the reasons given by the Board in the instant case for going above the guidelines were not duplicative of the reasons used in determining Sotelo's offense severity. There was no double counting. In this general regard, see also *Campbell v. United States Parole Commission,* 704 F.2d 106 (3d Cir.1983). Cf. *Joost v. United States Parole Commission,* 698 F.2d 418 (10th Cir.1983).

Judgment reversed and cause remanded with direction to dismiss the petition.