**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 11 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DAVID SALVADOR COTA,

Petitioner - Appellant,

v.

MICHAEL PUGH, Warden;
COMMISSIONER DWYER; UNITED
STATES PAROLE COMMISSION,

Respondents - Appellees.

No. 02-1256
D.C. No. 01-WM-398 (PAC)
(D. Colorado)

**ORDER AND JUDGMENT** *

Before **SEYMOUR** , **HENRY** , and **BRISCOE** , Circuit Judges.

After examining the briefs and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(a)(2)(C). The case is
therefore submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of res judicata, collateral estoppel, and law of the case. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

David Salvador Cota, proceeding pro se, seeks to (1) appeal the district court's order denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and (2) proceed in forma pauperis. Mr. Cota alleges that the United States Parole Commission violated his due process rights by erroneously interpreting its regulations to allow the application of the parole rescission guidelines set forth in 28 C.F.R. § 2.36 without first establishing a presumptive or effective date of parole. Mr. Cota also argues that the Commission failed to follow the procedures set forth in another regulation, 28 C.F.R. § 2.34 and that the Commission improperly relied upon sealed documents.

We grant Mr. Cota's motion to proceed in forma pauperis. However, because the Parole Commission did not act arbitrarily or capriciously in interpreting the rescission guidelines, and because Mr. Cota has failed to offer evidentiary support for his other arguments, we affirm the district court's decision denying Mr. Cota's § 2241 petition.

## I. BACKGROUND

In 1986, Mr. Cota was convicted in a federal district court of (1) robbery of a savings and loan association and (2) using and carrying a firearm during a crime of violence, violations of 18 U.S.C. §§ 2113 and 924(c) respectively. He received consecutive twenty-five and five-year sentences.

During his incarceration, Mr. Cota attempted to escape. He was charged and convicted of that offense and received an additional, consecutive two-year term of imprisonment.

In September 2000, a Parole Commission hearing examiner conducted an initial parole hearing for Mr. Cota. The hearing examiner concluded that Mr. Cota should not be paroled and recommended that his incarceration continue until the end of his sentence. A second hearing examiner concurred with that recommendation.

In reaching this conclusion, the hearing examiners relied on Mr. Cota's admission that he had been involved in twelve bank robberies (only two of which had resulted in criminal convictions). The examiners also found that Mr. Cota had received eighty-five prison disciplinary convictions during his incarceration, only one of which was without merit.

After noting Mr. Cota's conduct during his incarceration, the examiners applied the parole rescission guidelines set forth in 28 C.F.R. § 2.36. Those guidelines set forth periods of time to be added to a prisoner's period of incarceration when the prisoner violates disciplinary rules or engages in criminal conduct. Section 2.36 provides in part:

> The following guidelines shall apply to the sanctioning of
> disciplinary infractions or new criminal conduct committed
> by a prisoner during any period of confinement that is
> credited to his current sentence (whether before or after

sentence is imposed), but prior to his release on parole; and by a parole violator during any period of confinement prior to or following the revocation of his parole (except when such period of confinement has resulted from initial parole to a detainer). These guidelines specify the customary time to be served for such behavior which shall be added to the time required by the original presumptive or effective date.

28 C.F.R. § 2.36(a). Applying the § 2.36 guidelines to Mr. Cota's conduct, the examiners found a "severity rating" of seven and an aggregate guideline range of 158 to 482 months. [1] Aplee's Br. at A-101.

In October 2000, the Parole Commission issued a decision adopting the hearing examiners' recommendation. The Commission cited: (1) four incidents of criminal conduct in a prison facility by Mr. Cota involving possession of a weapon and assault; (2) Mr. Cota's attempt to escape; (3) rescission behavior; and (4) eighteen drug-related disciplinary infractions and fifty-eight other infractions. See id.

Mr. Cota filed an appeal with the National Appeals Board. In April 2001, the Board issued a decision affirming the decision of the Parole Commission. See id. at A-102-103. The Board specifically rejected Mr. Cota's argument that the Commission had erred in applying the rescission guidelines set forth in § 2.36.

_____

[1] As the district court noted, the aggregate parole guideline range is "the customary range of time to be served before release for various combinations of offense (severity) and offender (parole prognosis) characteristics." 28 C.F.R. § 220(b).

-4-

In February 2001, Mr. Cota filed the instant § 2241 petition in the federal district court. A magistrate judge recommended the denial of Mr. Cota's petition. The district court adopted the magistrate's recommendation and denied Mr. Cota's § 2241 petition.

## II. DISCUSSION

On appeal, Mr. Cota advances three arguments. First, he argues that the Parole Commission violated his due process rights by applying the rescission guidelines set forth in 28 C.F.R. § 2.36 without first establishing a presumptive or effective parole date. Second, Mr. Cota argues that "none of the procedures set forth in 28 C.F.R. § 2.34 were satisfied in the application of the 'rescission guidelines.'" See Aplt's Br. at 2. Finally, Mr. Cota contends that the respondents "submitted documents under seal, and denied Petitioner's motion for App[ointmen]t of Counsel to respond to documents[] which Petitioner was not allowed to see." Id. at 4.

We review the Parole Commission's decisions to determine whether there is a rational basis for its conclusions. Misasi v. United States Parole Comm'n, 835 F.2d 754, 758 (10th Cir. 1987) ("'The inquiry is not whether the Commission's decision is supported by the preponderance of the evidence, or even by substantial evidence; the inquiry is only whether there is a rational basis in the record for the

Commission's conclusions embodied in its statement of reasons.'") (quoting Solomon v. Elsea, 676 F.2d 282, 290 (7th Cir. 1982)).  Accordingly, we may not overturn the Commission's decision "unless there is a clear showing of arbitrary and capricious action or an abuse of discretion."  Kell v. United States Parole Comm'n, 26 F.3d 1016, 1019 (10th Cir. 1994) (internal quotation marks omitted).  We afford "some deference" to the Parole Commission's interpretation of its own regulations.  Sotelo v. Hadden, 721 F.2d 700, 702 (10th Cir. 1983).

## A. Application of the Recisions Guidelines

Mr. Cota's challenge to the application of the rescission guidelines is based upon the language in § 2.36 that explains that the rescission guidelines "specify the customary time to be served for such behavior [disciplinary infractions or new criminal behavior during incarceration] which shall be added to the time required by the original or presumptive or effective date."  28 C.F.R. § 2.36(a) (emphasis added).  Mr. Cota contends that because the Commission had not yet established a presumptive or effective parole date for him, the Commission could not apply the rescission guidelines.  In light of other regulations that vest the Parole Commission and its hearing examiners with discretion to consider a broad range of factors at initial parole hearings—including the rescission guidelines themselves—we do not read this language to exclude the action taken here.

-6-

In particular, under 28 C.F.R. § 2.13(a), the Parole Commission's hearing examiners must consider a prisoner's "offense severity rating and salient factor score . . . as described in § 2.20." Section 2.20 provides that at the initial hearing, the examiners may consider "especially mitigating or aggravating circumstances" even though those circumstances are not themselves listed in the guidelines. See 28 C.F.R. § 2.20(d). Morever, when a prisoner has committed new criminal conduct while incarcerated, § 2.20 directs the hearing examiner conducting the initial parole hearing to consider the rescission guidelines. See 28 C.F.R. § 2.20(i) (stating that "[f]or criminal behavior committed while in confinement see § 2.36 (Rescission Guidelines")).

In our view, these provisions indicate that, when conducting an initial parole hearing, the Commission and its hearing examiners are not foreclosed from considering the rescission guidelines governing a prisoner's new criminal conduct and disciplinary infractions. The fact that § 2.36 explains that the rescission guidelines "specify the customary time to be . . . added to the time required by the original presumptive or effective [parole] date" merely indicates that this particular regulation was drafted with the expectation that the typical case involving the rescission guidelines would be one in which a presumptive or effective parole date had already been set. That language does not override the

-7-

other regulations that vest the Commission and its examiners with discretion to consider the rescission guidelines at initial parole hearings, as they did here.

### B. Mr. Cota's other arguments

Mr. Cota's other arguments are similarly unpersuasive. He contends that the Commission failed to follow the procedures set forth in 28 C.F.R. § 2.34.[2] However, those procedures apply only when an effective date of parole has been set and the Commission seeks to rescind that date. That is not the case here. Moreover, other than the application of the rescission guidelines discussed above, Mr. Cota has not explained which applicable procedure requirements the Commission and its examiners failed to follow and he has failed to offer evidence to support these allegations.

Finally, Mr. Cota's complaint that the Commission and the examiners improperly relied upon sealed documents is undercut by the respondents' explanation that the sealed documents in question were presentence reports that

---

[2] Section 2.34 sets forth specific requirements regarding notice to the prisoner and the opportunity for a hearing "[w]hen an effective date of parole has been set by the Commission"and when "a prisoner granted such a date has been found in violation of institutional rules by a disciplinary hearing officer or is alleged to have committed a new criminal act at any time prior to the delivery of the certificate of parole." 28 C.F.R. § 2.34(a).

Mr. Cota had had an opportunity to review at prior proceedings.    See Aplee's Br.

at 9.  Mr. Cota has failed to rebut this explanation.


### III.  CONCLUSION

Accordingly, we GRANT Mr. Cota's motion to proceed in forma pauperis,

and we AFFIRM the district court's denial of Mr. Cota's petition for a writ of

habeas corpus under 28 U.S.C. § 2241.

Entered for the Court


Robert H. Henry
Circuit Judge