**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 30 2003**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

STEVEN ALAN SPEAR,

      Petitioner-Appellant,

v.

STEVEN L. ANDRASCHKO,
Commandant,

      Respondent-Appellee.

No. 02-3120
(D.C. No. 00-CV-3389-RDR)
(D. Kansas)

---

ORDER AND JUDGMENT  *

---

Before **EBEL** , **BALDOCK** , and **LUCERO** , Circuit Judges.

---

Steven Alan Spear appeals from the district court's denial of his habeas

petition, filed pursuant to 28 U.S.C. § 2241.  Petitioner raised eleven issues

before the district court, challenging various aspects of his parole revocation

hearing before the Army Clemency and Parole Board.  He raises seven issues on

---

*  The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

appeal.[1]  Because all of these arguments are meritless, we exercise jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), and affirm.

We review the district court's decision to deny habeas relief de novo.  Khan v. Hart , 943 F.2d 1261, 1262 (10th Cir. 1991).  However, our review is "a narrow one, and the [parole board's] decision should not be disturbed by the courts unless there is a clear showing of arbitrary and capricious action or an abuse of discretion."  Sotelo v. Hadden , 721 F.2d 700, 702 (10th Cir. 1983).

On appeal, Spear's chief contention is that the parole board and the district court erred in failing to apply certain provisions from the Manual for Courts-Martial and the Rules for Courts-Martial.  However, these authorities apply only to proceedings before courts-martial, which are strictly courts of criminal jurisdiction.  Because parole revocation is not part of a criminal prosecution, "the full panoply of rights due a    defendant  in such a proceeding does not apply."  Morrissey v. Brewer , 408 U.S. 471, 480 (1972).  Spear's claims based on 10 U.S.C. § 831(b) are similarly baseless because the language of this provision of the Uniform Code of Military Justice clearly states that it protects against self-incriminatory statements that may be used as evidence against a

---

[1]    Appellee asserts that petitioner has exhausted all available military remedies.  See Schlesinger v. Councilman , 420 U.S. 738, 758 (1975).

suspect or accused "in a trial by court-martial."    Id.   This provision does not apply to petitioner's parole proceedings.

Upon review of the balance of petitioner's arguments in light of the applicable constitutional protections, we conclude that the parole board's decision was neither arbitrary and capricious nor an abuse of its discretion.  The judgment is therefore  **AFFIRMED** .  Petitioner's motion to supplement his opening brief is granted.  The mandate shall issue forthwith.

Entered for the Court


Carlos F. Lucero
Circuit Judge