**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 24 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GERALD McKINNON,

        Petitioner-Appellant,

v.

N. L. CONNER, Warden; and
UNITED STATES PAROLE
COMMISSION,

        Respondents-Appellees.

No. 04-3263

(D. of Kan.)

(D.C. No. 02-CV-3418-RDR)

**ORDER AND JUDGMENT** *

Before **KELLY** , **HENRY** , and **TYMKOVICH** , Circuit Judges. **

      Gerald McKinnon seeks review of the Order issued by the United States

District Court for the District of Kansas denying his petition for a writ of habeas

---

     * This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders; nevertheless, an order may be cited under the terms and
conditions of 10th Cir. R. 36.3.

     ** Counsel for Respondent-Appellees elected not to file a brief on appeal
unless the court determined that a brief was necessary. After examining the
petitioner's brief and the appellate record, the court has determined unanimously
that Respondent-Appellees need not file a brief. We have also determined
unanimously that oral argument would not be of material assistance in the
determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G).
The cause is therefore ordered submitted without oral argument.

corpus filed pursuant to 28 U.S.C. § 2241. The district court declined to grant relief from the Notice of Action issued by the United States Parole Commission (Commission) denying parole. McKinnon alleged in his petition to the district court that the Commission erred by relying on erroneous information in denying parole and improperly departed from the District of Columbia parole guidelines. On appeal, McKinnon argues the district court erred in rejecting these claims. We affirm the decision of the district court.

## Background

The facts underlying this appeal are not in dispute. In March 1985, a judge in the Superior Court of the District of Columbia found McKinnon guilty of (1) assault with intent to kill while armed for shooting a man in 1983 and (2) assault with a dangerous weapon for stabbing his girlfriend in 1984. The court sentenced him to a term of 5-15 years on the first conviction and a consecutive term of 1-3 years on the second.

In March 1989, the District of Columbia Parole Board (Board) granted McKinnon parole to a work release program. While residing in a halfway house, he tested positive for cocaine and fled. McKinnon was subsequently returned to custody and the Board rescinded parole in October 1989. He received a transfer to a different halfway house in April 1990 and waived a parole hearing the following month. In August 1990, McKinnon was arrested and later convicted of

burglary while armed, assault with intent to kill while armed, mayhem while armed, and carrying a dangerous weapon after he twice stabbed and also cut the hand of the same woman that he had stabbed in 1984.

At an initial parole hearing in July 1999 before the Commission,[1] the hearing examiner considered McKinnon's criminal offenses and numerous disciplinary reports he received while incarcerated, as well as copies of certificates offered by McKinnon showing his vocational and counseling achievements. Applying the D.C. parole guidelines, the examiner calculated a base point score of eight, which indicated that parole be denied and that a rehearing be held after 18-24 months. The examiner determined McKinnon was a dangerous risk for parole and recommended another hearing in 24 months.

Thereafter, a second hearing examiner reviewed the initial recommendation and also concluded that parole should be denied. However, the second examiner recommended departing from the applicable guideline and postponing a rehearing until 60 months after the parole eligibility date, viewing McKinnon as "to an exceptional degree, . . . a homicidally vengeful criminal personality" who was "unlikely to improve the seriousness of the risk . . . to public safety" and indicating that McKinnon's history of prison misconduct and violent crime,

_____

[1]As noted by the district court, the Commission assumed responsibility for parole matters involving D.C. offenders in August 1998.

including the fact that he twice assaulted the same woman, warranted the departure. The examiner also noted that the 1990 stabbing occurred while McKinnon had "escaped from the halfway house."

The Commission adopted the recommendation of the second examiner and issued a Notice of Action in October 1999 denying parole and continuing McKinnon to a rehearing in October 2004, after the service of an additional 60 months. The Notice mirrored the second examiner's description of McKinnon's character, found a departure from the parole guidelines warranted for the same reasons, recounted McKinnon's criminal conduct in detail, and again noted that the 1990 stabbing occurred while he had "escaped."

McKinnon subsequently requested that the Commission reconsider its decision and either grant parole or set a rehearing date within the 18-24 month guideline range, arguing that the Commission erroneously considered his status as a prison escapee in 1990 when in fact he had not been adjudicated as such. The Commission denied the request, finding numerous other factors supported the decision. However, in February 2003, the Commission issued a corrected Notice of Action, replacing "escaped from the halfway house" with "left the halfway house."

## Discussion

McKinnon now appeals the district court's denial of his petition asserting two arguments. First, he argues that the court improperly rejected his claim that the Commission erred in refusing to reconsider its decision following proof that he had not been an adjudicated escapee in 1990. Second, he claims that the court erred by finding that the Commission correctly applied the regulations applicable to D.C. offenders.

As indicated by the district court in its thorough Order, the standard of review in a habeas corpus action of a federal parole determination is limited. A federal court will not overturn a decision by the Commission "unless there is a clear showing of arbitrary and capricious action or an abuse of discretion." *Sotelo v. Hadden*, 721 F.2d 700, 702 (10th Cir. 1983) (citing *Dye v. United States Parole Comm'n*, 558 F.2d 1376, 1378 (10th Cir. 1977). "The inquiry is not whether the Commission's decision is supported by the preponderance of the evidence, or even by substantial evidence; the inquiry is only whether there is a rational basis in the record for the Commission's conclusions embodied in its statement of reasons." *Misasi v. United States Parole Comm'n*, 835 F.2d 754, 758 (10th Cir. 1987).

**Reconsideration.** McKinnon first challenges the Commission's failure to reconsider his parole status after being informed that it had erroneously indicated that he had been an escapee at the time he committed the 1990 crimes. Though

the Commission later issued a corrected Notice of Action replacing the term "escaped," it did not reopen McKinnon's case because of the existence of "so many other factors" justifying the decision to deny parole. These factors include, as indicated by the Notice of Action, McKinnon's significant history of violent crime separate from the disputed escape and a serious record of prison misconduct. After reviewing the record and the Notice of Action, we agree with the district court that a rational basis existed for the Commission's decision not to reconsider McKinnon's status and therefore that the Commission did not abuse its discretion.

**Departure.** McKinnon also asserts the Commission erred by departing from the applicable D.C. parole guideline, which called for a rehearing after 18-24 months. Petitioner claims the guidelines are mandatory. The district court, however, correctly relied on case law holding that the particular circumstances of a prisoner's history may warrant departure from the guidelines. *See Ellis v. District of Columbia*, 84 F.3d 1413, 1419–20 (D.C. Cir. 1996) (holding that Board has discretion to depart from guidelines); *McRae v. Hyman*, 667 A.2d 1356, 1357 (D.C. 1995) (same). The Commission, which assumed parole responsibilities for D.C. code prisoners in 1998, also has discretion to depart from its own guidelines. *See Skinner v. United States Parole Comm'n*, 2002 WL 458993, *2 (D.D.C. 2002) (unpublished opinion). Therefore, we agree with the district court and

consequentially hold that the Commission did not abuse its discretion in departing from the guidelines.

## Conclusion

The decision of the district court dismissing the petition for habeas corpus is AFFIRMED.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge